(May, 6, 1910.)

## NICK MILLER, Respondent, v. JOHN BROWN, Appellant.

[109 Pac. 139.]

APPLICATION FOR CONTINUANCE—ADDRESSED TO SOUND DISCRETION OF COURT.

(Syllabus by the court.)

**1.** An application for a continuance is addressed to the sound legal discretion of the court, and the decision of the court or judge thereof will not be reversed unless there is a clear abuse of discretion.

**2.** *Held,* under the facts of this case that the motion for a continuance was properly denied.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. Wm. W. Woods, Judge.

Action to recover balance due upon the sale of certain mining claims. Judgment for plaintiff. *Affirmed.*

Gray & Knight, and William K. Shissler, for Appellant.

Where parties have been diligent in their efforts to be ready for trial, but have been prevented by circumstances beyond their control, the court should grant them a continuance. (*Radford v. Fowlkes,* 85 Va. 820, 8 S. E. 817.)

While a motion for a continuance is addressed to the sound discretion of the court, there is a point where it ceases to be a question of discretion or abuse of discretion, and a party acquires a right to a continuance as a matter of law.    (1 Spelling, New Trial, sec. 126.)

It is a judicial discretion not to be capriciously or oppressively exercised.    (*Mitchell v. Campbell,* 14 Or. 454, 13 Pac. 190; *People v. Plyler,* 121 Cal. 160, 53 Pac. 553.)

It is the right of parties to be present at the trial of their cases.    It seldom happens that a trial can be properly had in the absence of a party, even where he is disqualified as a witness, especially where it is to be tried on oral testimony. (Spelling, New Trial, sec. 128; *Jaffe v. Lilienthal,* 101 Cal. 175, 35 Pac. 636; *Storer v. Heitfeld,* 17 Ida. 113, 105 Pac. 55; 9 Cyc. 93; *Mayton v. Guild* (Tex. Civ. App.), 29 S. W. 218; *Helm v. Voils,* 58 Kan. 816, 49 Pac. 662; *Donallen v. Lennox,* 6 Dana (Ky.), 89.)

Where the defendant is necessarily, although temporarily, out of the state and the continuance asked for is but a short time, it should be granted, provided the defendants have been guilty of no unreasonable delay or negligence.    (*Robertson v. Woolley,* 6 Wash. 156, 32 Pac. 1060.)

Where, as in the case at bar, the attorney's absence is due to the fact that he is actively engaged in the trial of a case in another jurisdiction, having had no notice whatever of the time fixed for the trial of the case, the continuance should be allowed.    (*Olden v. Litzenburg,* 1 Phila. (Pa.) 204.)

Featherstone & Fox, for Respondent.

The absence of the defendant at the time his case is called for trial is not sufficient ground for a continuance.    (*Queirolo v. Queirolo,* 129 Cal. 686, 62 Pac. 315; *Paulucci v. Verity,* 1 Kan. App. 121, 40 Pac. 927; *Cochrane v. Parker,* 12 Colo. App. 169, 54 Pac. 1027; *Cohn v. Brownstone,* 93 Cal. 363, 28 Pac. 953; *West v. Hennessey,* 63 Minn. 378, 65 N. W. 639; *Richardson v. Dinkgrave,* 26 La. Ann. 651; *Schlessinger v. Nunan,* 26 Ill. App. 525; *Jaffe v. Lilienthal,* 101 Cal. 175, 35 Pac. 636.)

In most cases a continuance on the ground of absence of counsel will be refused. (*Baumberger v. Arff,* 96 Cal. 261, 31 Pac. 53; *Keegan v. Donnelly,* 11 Colo. App. 31, 52 Pac. 292; *Reynolds v. Campling,* 23 Colo. 105, 46 Pac. 639; *Cox v. Allen,* 91 Iowa, 462, 59 N. W. 335; Hayne, New Trial and Appeal, secs. 76, 77.)

"Due diligence is a question upon which the decision of the trial court is always presumably correct." (4 Ency. Pl. & Pr. 856; *Blair v. Chicago etc. R. Co.,* 89 Mo. 384, 1 S. W. 350; *State v. Whitton,* 68 Mo. 91; *Boone v. Mitchell,* 33 Iowa, 45.)

SULLIVAN, C. J.—This action was brought to recover a balance of $11,495 with interest thereon, alleged to be due upon the sale of certain mining claims, to the defendant John Brown. An application for a continuance was made by the appellant, John Brown, and overruled by the court. Thereafter the cause was tried by the court without a jury and a judgment was entered in favor of the plaintiff for the sum of $13,089.50, together with costs, which judgment was made a lien upon certain mining claims and also directed the foreclosure of said lien and the sale of said mining claims to satisfy said judgment. Thereafter a motion was made by said appellant to set aside the findings of fact and judgment, for the reason that the trial of said action was had in the absence of the defendant, and for the further reason that said defendant had no notice prior to the trial of said action of the setting of said case for trial, and that the defendant had no opportunity to secure the attendance of his witnesses. This motion was denied and the appeal is from the judgment and from the order denying the motion to set aside the findings and judgment.

The question presented by the appellant in his brief is whether the court erred in denying his application for a continuance. Said motion for a continuance was based on the affidavit of Henry P. Knight, one of the attorneys for the appellant.

It appears from the record that on June 23, 1909, the trial court set this case for trial on the following day, the 24th of June, which was the 92d judicial day of the regular January, 1909, term of that court. The motion for a continuance came on for hearing on that day and, as stated, was denied by the court. The question presented is, whether the court abused its discretion in denying said motion for a continuance.

The facts presented to the court for a continuance are found in Mr. Knight's affidavit. It appears from that affidavit that the affiant is a member of the firm of Gray & Knight and was not informed that his firm was interested in said action until the 23d day of June, 1909; that Mr. Barnes, residing at Spokane, Washington, was the principal attorney for the defendant in said action and had had charge of all of the pleadings in said case in preparing the same for trial; that all correspondence in connection with said case had been conducted by said Barnes with affiant's law partner, Mr. Gray, who had for more than ten days prior to the date said case was set for trial been in the eastern states on business, and that said Gray had not informed affiant of their firm's connection with said action; that when he was informed thereof, he immediately called up Mr. Barnes at Spokane by telephone and had a conversation with him in regard to the case. In that conversation Mr. Barnes stated that he had no notice of the fact that the said action would be called for trial until the afternoon of that day, the 23d of June, when he received a telegram from Mr. Hand, one of the attorneys for the plaintiff, to that effect. Said Barnes informed the affiant that his client, John Brown, was then in Winnepeg, Canada, and his presence could not at that time be procured; that defendant had gone to Winnepeg without knowledge of the fact that said case would be for trial at that term of court. It is further stated by affiant that if the trial could be continued until some time after the 10th of July, 1909, said appellant could be present and said action tried; that said Barnes further stated to affiant that no other witness could be immediately procured by whom the defendant could prove

the facts necessary to maintain his action, and that there were no other witnesses except said Brown who knew the facts and all of the facts necessary to maintain said defendant's contention; that if said action was forced to trial at that time, it would be impossible for the defendant properly, or in any manner, to present his case and would therefore necessarily result in great injustice to him.

The application for a continuance was heard upon the records and files and said affidavit. This court has held in numerous decisions that an application for a continuance is addressed to the sound legal discretion of the court, and its ruling will not be reversed unless it appears that such discretion has been abused. (See *Storer v. Heitfeld,* 17 Ida. 113, 105 Pac. 55, where all of those decisions are collated.)

Then, did the court abuse its discretion in granting said continuance?

It appears that the day on which the case was set for trial, to wit, the 23d of June, was the ninety-first judicial day of the regular January, 1909, term of said court, and that the case was set for hearing on the following day, June 24th. It also appears from said affidavit that Mr. Barnes, the principal attorney for Brown, resided at Spokane and was notified on the 23d that said case was set for hearing on the 24th of June; that Mr. Knight did not know that his firm were attorneys for Brown until after Barnes had so advised him by telephone on the 23d. At that time Mr. Barnes notified Mr. Knight that his client, Brown, was then in Winnepeg, Canada, and that his attendance could not be procured, and that said Brown had gone to Winnepeg without the knowledge of the fact that this case would be for trial at the present term. It appears that the case was on the calendar for said term of court, and evidently the trial court concluded that it was Mr. Brown's duty to be present when the case was reached for trial at that term, upon the facts presented to him.

It appears from another affidavit in the case, which, however, the court did not have before it at the time of refusing the continuance, that Mr. Brown inquired of his attorney Barnes when said cause would be tried, and the attorney

informed him that he had received no notice that said case had been set for trial, and that it would be safe for him to go to Alberta, Canada, on a business deal, and testified: "Upon my statement of such fact, he left for Alberta about the 15th" (of June, 1909). It thus appears from the record how Brown came to leave for Winnepeg on his own private business.

There appears to be considerable stress laid upon the fact that the attorney for appellant had no notice of the setting of the case for trial until one day prior to the trial. Under our statute and rules of that court, so far as we know, there is no requirement that notice of the setting of cases shall be served upon counsel for the respective parties, and the attorney ought to have known the condition of the calendar at the time he advised his client to go to Canada, and as it does not appear that it was the duty of anyone to notify the attorney for Brown when the case was set for trial, it was his own duty to ascertain that fact and have his client within reach when the case was in fact set for trial. So the fact that he was not notified that the case was set for hearing should have no weight whatever in this matter. Trial courts ought to so set cases that litigants may have an opportunity to procure their witnesses for the trial, and not require them to keep their witnesses in attendance longer than is necessary in the orderly conduct of the court business.

Mr. Knight's affidavit is based almost wholly upon what Mr. Barnes told him over the phone, and the court may have concluded that the affidavit was not sufficient for that reason. It clearly appears that there has been negligence and carelessness in this matter. Mr. Knight did not know that his firm were the local attorneys for Brown, and Mr. Barnes, who lived in Spokane and had a large practice there, evidently depended upon the local attorney to look after that matter. The local attorney who knew anything about the matter had gone east without informing Mr. Knight that they were the local attorneys. From the facts set up in Mr. Knight's affidavit, we are unable to say that the court abused its discretion in denying said application for a continuance. When we come to consider all of the facts presented, we think that the trial

court was fully justified in denying the application for a' continuance.

Having concluded that the court did not err in refusing to grant said continuance, it is not necessary for us to pass upon the question as to whether the court should have set aside the findings and judgment upon the application of Brown, for if the continuance was properly denied, the application to set aside the findings and judgment was also properly denied, as that application is based on the ground that the court erred in not granting a continuance. And, further, the assignment of error on the ground that the court erred in not granting the application to set aside the findings and judgment is not presented in the brief of appellant.

The judgment must be affirmed, and it is so ordered, with costs in favor of respondent.

Stewart and Ailshie, JJ., concur.

### ON PETITION FOR REHEARING.

#### (June 6, 1910.)

AILSHIE, J.—The appellant has filed a petition for a rehearing and urges that the opinion in this case runs counter to the holding of the court in *Storer v. Heitfeld,* 17 Ida. 113, 105 Pac. 55.

As we understand the facts of the two cases, there is quite a marked distinction between them. In the Storer-Heitfeld case, Dubois, one of the defendants, was called from the state on the eve of the trial to Springfield, Illinois, on account of the death of his brother. While he voluntarily absented himself, still the cause was one beyond his control, and the sentiments of humanity would naturally impel one to act as he acted, and courts themselves being human institutions must of necessity take cognizance of such unforeseen occurrences and the sentiments which they call forth.

In the case at bar, the defendant voluntarily absented himself from the state on business, and he did so after the court had been in session nearly three months and while his case

was pending, and knowing, as he must have known, that his case was liable to be called at any time.  While he went away with the consent and acquiescence of his counsel, that fact in no way relieves him from the charge that he was careless and negligent in the matter of preparation for the trial in this case.  We see no reason for granting a rehearing.  The peti-- tion is denied.

Sullivan, C. J., concurs.