(September 12, 1913.)

## JOSEPHINE M. DE PUY, Respondent, v. AUGUST J. PEEBLES and THE KOOTENAI TRADING CO., Appellants.

[135 Pac. 264.]

REAL ESTATE—TITLE TO—TRIAL—CONTINUANCE—EVIDENCE—ADMISSION OF—ADVERSE POSSESSION—TITLE BY.

1. A motion for a continuance is addressed to the sound discretion of the court, and its action thereon will not be disturbed unless it appears that such discretion has been abused.

2. *Held,* that the court erred in admitting in evidence a certain letter from De Puy to Wray.

3. *Held,* that the defendant did not acquire title to the real estate in controversy by adverse possession.

APPEAL from the District Court of the Eighth Judicial District for Bonner County. Hon. John M. Flynn, Judge.

Action to recover title to real estate. Judgment for plaintiff. *Reversed.*

E. W. Wheelan, for Appellants.

G. H. Martin, for Respondent.

Counsel cite no authorities on points decided.

SULLIVAN, J.—This action was commenced to compel the defendant Peebles, who is appellant here, to convey to the plaintiff the title to the NE. ¼ of the NW. ¼ and Lot 2, of sec. 26, township 62 N., range 1 E., B. M., in Bonner county.

It is alleged in the complaint that the plaintiff paid the consideration for the purchase price of said land and that the title thereto was fraudulently taken in the name of the defendant Peebles. No relief was asked against the defendant, The Kootenai Trading Co., the only allegation in the complaint in regard to said company being that the company claimed some interest in said land subject to and inferior to the claim of the plaintiff. Said company defaulted, and on a trial of the case by the court without a jury, the court made its findings of fact and conclusions of law and entered judgment in favor of the respondent in substantial conformity with the prayer of the complaint. From that judgment this appeal is taken.

Counsel first assigns as error the refusal of the court to grant defendant's application for a continuance. The motion for a continuance was based on the absence of the defendant Peebles. The record discloses the fact that on March 28, 1912, when the attorney for Peebles was present in court and the attorneys for plaintiff were absent, the case was set for trial on April 18, 1912, and afterward was reset for April 23, 1912. It does not appear that the attorney for Peebles advised his client that said case had been set for trial on that day. We think, on the showing made, the court did not err in denying said continuance. The record shows that the defendant did arrive in Sandpoint in time to become the first witness in his own behalf, although he was not present during the examination of plaintiff's witnesses. On his arrival there the court no doubt would have permitted the recall of plaintiff's wit-

nesses for further cross-examination had the appellant requested it. A motion for a continuance is addressed to the sound discretion of the court, and its action thereon will not be reversed on appeal unless it is made to appear that such discretion has been abused, and we cannot say, under all of the facts of the case, that the court abused its discretion in denying said continuance.

Counsel next assigns as error the admission in evidence of plaintiff's exhibit "G," which is a letter purporting to have been written by Captain H. S. De Puy, the former husband of plaintiff, to Matilda J. Wray, which letter is as follows:

"Seattle, March 9th, 1906.

"Miss Matilda J. Wray,

"Spokane, Washington.

"My dear Miss Wray:—

"I now advise you that it is my wish that the land on which you filed the script be transferred to my wife, Josie M. De Puy; and I think the matter should be settled at once, as the uncertainties of this life might cause her a great injustice in case the matter is delayed. This is in accordance with an agreement entered into at Riverside, on or about the 1st of May, 1904, between Josie, her brother Gus and myself. This can be accomplished by filing the powers of attorney held by you, and then deeding the property to Josie.

"Believing this to be the only just and equitable settlement of the affair, I am,

"Most respectfully yours,

(Signed)   "H. S. DE PUY."

The admission of said letter was clearly error. It was a letter from one who was not a party to the action to a Miss Wray, who was not a party to the suit. It was no more competent or admissible than would be a conversation between Miss Wray and De Puy not had in the presence of Peebles. The admission of said letter was contrary to all rules of evidence in regard to the admission of letters written by persons not parties to the suit. Its admission was prejudicial error of such a character as will necessitate a reversal of the judgment in this case and the granting of a new trial.

The next error assigned is the admission of the evidence of plaintiff and one A. J. Kent in regard to a conversation concerning a loan to enable appellant to buy the land in controversy. The evidence of plaintiff discloses the fact that the plaintiff and defendant were negotiating for the sale of the land to the defendant in July, 1905, at Bonner's Ferry, and the plaintiff testified in effect that she came to see if he would like to purchase that land, and he informed her that he did not have the money wherewith to pay for it, and she thereupon asked him if he could not get a loan and he said he did not believe he could. She thereupon asked him if he would object if she would go over the river to Bonner's Ferry and talk to the business men and see if she could not get a loan for him, and he said he had no objection to her doing so. It also appears from the evidence that immediately after this talk, respondent went to witness Kent and the conversation occurred between them which is the subject of this assignment of error. Kent appeared as a witness and testified that at the time referred to by respondent, she came to him and asked if he would make a loan to Mr. Peebles. Under the facts as they appear in the record, we do not think the court erred in admitting such evidence as corroborative of plaintiff's evidence and theory of the case that she tried, with respondent's consent, to secure a loan for him.

The action of the court in holding that the defendant had not acquired title to said real estate by adverse possession is assigned as error. Upon the evidence as contained in the record, we are satisfied that the court did not err in so holding, but as a new trial must be granted, we do not intend by this holding to deprive the defendant of retrying that issue upon a retrial of the case.

For the reasons above given, the judgment of the trial court must be reversed and a new trial granted. Costs are awarded to appellant.

Ailshie, C. J., and Stewart, J., concur.