(May 18, 1914.)

## H. C. TAYLOR, Appellant, v. CLARENCE L. LYTLE, Respondent.

[141 Pac. 92.]

COMPLAINT—DEMURRER TO—DEFECT OF PARTIES PLAINTIFF—NECESSARY PARTY.

1. *Held,* that the court erred in holding that there was a defect of parties plaintiff and that the Springston Lumber Company was a necessary party plaintiff to the action.

APPEAL from the District Court of the Eighth Judicial District, in and for Kootenai County. Hon. John M. Flynn, Judge.

Action to recover damages on account of misrepresentation and fraud as to the boundary of certain land on which the plaintiff purchased the timber. A demurrer to the complaint was sustained on the ground that there was a defect of parties plaintiff, and the plaintiff having refused to amend, judgment of dismissal was entered. *Reversed.*

E. R. Whitla, for Appellant.

Where one sells property and makes representations as to the quantity of land sold, he is liable in an action for dam-

ages in case his representations—whether believed by him to be true or not—are in fact false, and the boundary pointed out by him is not the true boundary and the vendee suffers any loss by reason thereof. (*Miller v. Wissert,* 38 Okl. 808, 134 Pac. 62; *McGhee v. Bell,* 170 Mo. 121, 70 S. W. 493, 59 L. R. A. 761; *Hoock v. Bowman,* 42 Neb. 80, 47 Am. St. 691, 60 N. W. 389; *Castenholz v. Heller,* 82 Wis. 30, 51 N. W. 432; *Porter v. Beattie,* 88 Wis. 22, 59 N. W. 499; *Davis v. Nuzum,* 72 Wis. 439, 40 N. W. 497, 1 L. R. A. 774; *Pringle v. Samuel,* 1 Litt. (Ky.) 43, 13 Am. Dec. 214; *Trenchard v. Kell,* 127 Fed. 596.)

Even honesty in making a mistake is no defense, as it is incumbent upon the vendor to know the facts. (*Culbertson v. Blanchard,* 79 Tex. 486, 15 S. W. 700.)

Nonjoinder of a proper, as distinguished from a necessary, party is not ground for demurrer. (31 Cyc. 293.)

"In general, in an action founded upon tort the person who suffers the injury must bring the action, for he is the party in interest." (Bliss on Code Pleading, 521.)

"It is not necessary to join as plaintiff persons who do not appear by the complaint to be united in interest with the plaintiff in all the relief sought thereby." (*Garner v. Wright,* 28 How. Pr. 92; *Washburn v. Case,* 1 Wash. Ter. 253; *Sheridan Gas, Oil & Coal Co. v. Pearson,* 19 Ind App. 252, 65 Am. St. 402, 49 N. E. 357; *Moore v. Harmon,* 142 Ind. 555, 41 N. E. 599.)

"Where a suit is brought on a contract, a person who is not a party to the contract and has no interest therein is not a necessary or proper party to the suit." (*Hurlbutt v. N. W. Spaulding Saw Co.,* 93 Cal. 55, 28 Pac. 795.)

C. H. Potts, for Respondent.

The cause of action in this case is based on alleged fraudulent representations which resulted in the conveyance to the Springston Lumber Company of the standing timber described in the complaint. The lumber company is the grantee in the conveyance of the timber; the legal title was taken by it; it paid the cash consideration therefor, and executed

the promissory note sought to be canceled by this action. It is therefore the real party in interest. Any private arrangement between the plaintiff and the lumber company as to how the title shall be held, or otherwise, could not affect the defendant. It is not alleged in the complaint that the defendant had knowledge of any arrangement between the plaintiff and the lumber company.

"The person having the legal interest in a contract can alone maintain an action thereon." (*Wolverton v. Geo. H. Taylor & Co.,* 157 Ill. 485, 42 N. E. 49; *Gardner v. Armstrong,* 31 Mo. 535; *Frankem v. Trimble's Heirs,* 5 Pa. 520; *Forrest v. O'Donnell,* 42 Mich. 556, 4 N. W. 259.)

The allegation in the complaint that the Springston Lumber Company was an accommodation maker of the note in question does not change the situation in any particular. Under the provisions of the negotiable instruments law an accommodation maker of a promissory note is the real party in interest in any action based on such note and is primarily liable thereon. (*Union Trust Co. v. McGinty,* 212 Mass. 205, Ann. Cas. 1913C, 525, 98 N. E. 679; *Vanderford v. Farmers' etc. Nat. Bank,* 105 Md. 164, 66 Atl. 47, 10 L. R. A., N. S., 129; *Cellers v. Meachem,* 49 Or. 186, 89 Pac. 426, 10 L. R. A., N. S., 133, 13 Ann. Cas. 997; *Wolstenholme v. Smith,* 34 Utah, 300, 97 Pac. 329; *Bradley etc. Mfg. Co. v. Heyburn,* 56 Wash. 628, 134 Am. St. 1127, 106 Pac. 170; *National Citizens' Bank v. Toplitz,* 81 App. Div. 593, 81 N. Y. Supp. 422; *Richards v. Market Exchange Bank Co.,* 81 Ohio St. 348, 90 N. E. 1000, 26 L. R. A., N. S., 99; *Lane v. Hyder,* 163 Mo. App. 688, 147 S. W. 514; *Lumbermen's National Bank v. Campbell,* 61 Or. 123, 121 Pac. 427.)

"In all actions those between whom there is a unity of legal interest must be joined as plaintiffs." (*Burkett v. Lehmen-Higginson Grocery Co.,* 8 Okl. 84, 56 Pac. 856; *Culver v. Smith,* 82 Mo. App. 390.)

SULLIVAN, J.—This action was brought to recover damages in the sum of $3,250 with interest, on account of alleged fraud and misrepresentation by the vendor to the plaintiff

as to the location and boundary of a certain piece of timber land, the timber on which the plaintiff purchased from the respondent. A demurrer was filed to the second amended complaint, based on two grounds: (1) That said amended complaint did not state facts sufficient to constitute a cause of action; and (2) that there was a defect of parties plaintiff in that the Springston Lumber Company, a corporation, was not made a party plaintiff and was a necessary party. After hearing said demurrer, the court sustained it on the second ground, to wit, that there was a defect of parties plaintiff in that the Springston Lumber Company was not made a party to the action. The plaintiff thereupon refused to plead further and judgment of dismissal was entered.

The only question then presented for determination is whether the court erred in holding that said corporation was a necessary party plaintiff.

It is alleged in the complaint that on or about October, 1911, the defendant offered to sell to the plaintiff certain timber growing upon the south half of the northwest quarter, and the northwest quarter of the southwest quarter of section 34, and the southeast quarter of the northeast quarter of section 33, township 49, north of range 2, west of Boise meridian, in Kootenai county; that the plaintiff was desirous of purchasing said timber and especially the white pine timber growing on said land, and thereafter, at the instance and request of said defendant, went with him to the locality of said land; that plaintiff was not familiar with that locality and did not know the lines or boundaries of said land; that defendant pointed out to him what he claimed was the correct boundaries of the land in order that plaintiff might get an estimate of the timber standing thereon; that the defendant, with intent of deceiving and defrauding plaintiff and inducing him to purchase said timber, pointed out to him a certain blazed line which he stated was the southern line of the south half of the northwest quarter of said section 34, and the southeast quarter of the northeast quarter of section 33, and stated that said blazed line was the northern

boundary line of said land; that said blazed line was not
the northern boundary line, but was about 260 feet north
and parallel to the true and correct boundary line of said
land, and that defendant knew that it was not the correct
boundary of said land at the time he pointed the same out to
the plaintiff, but fraudulently made said representation to
the plaintiff because there was standing on said strip of
land, about 260 feet in width between the true and false
boundary line, a large amount of valuable white pine timber
consisting of 250,000 feet of the stumpage value of $1,500, and
600,000 feet of mixed timber of the stumpage value of $1,500,
and 100 cedar poles of the value of $75; that because of the
quantity and quality of the timber on said strip of land and
because it was lying so that it could be conveniently logged
at a small cost, the value of the timber on the entire tract of
land was increased; that plaintiff believed the representa-
tions and statements of the defendant as to said boundary
line, and because of such false representations and statements
the plaintiff was induced to purchase the timber upon the
legal subdivisions before set forth, and that without such rep-
sentations having been made plaintiff would not have pur-
chased such timber; that because of such representations
plaintiff purchased said timber from the defendant for the
sum of $12,000; that after so purchasing said timber, plain-
tiff built roads upon said strip of land for the purpose of
logging the timber upon the same, and that at least $150
was expended for the sole and only purpose of removing the
timber upon said strip of land lying between the correct
boundary line and the false and untrue boundary line so
pointed out to plaintiff by defendant; that plaintiff, relying
upon the false representations of defendant as to the loca-
tion of said boundary line and believing them to be true,
went upon said strip of land and cut down 33,000 feet of
white pine timber, and thereafter learned that said strip of
land lying between the alleged boundary line pointed out by
the defendant and the true boundary line belonged to one
W. J. Johnson and the United States government; that plain-
tiff, because of said representations, cut $175 worth of timber

upon said Johnson's land and $75 worth of timber growing upon government land; that plaintiff first discovered that the statements and representations made by defendant as to the location of said north boundary line were false and untrue on or about the 21st day of September, 1912, and that prior to said date plaintiff had thought said boundary lines pointed out to him by the defendant were true and correct; that had it not been for these false representations plaintiff would not have purchased said timber; that the representations of the defendant as to these boundaries were made for the purpose of inducing plaintiff to purchase the timber, and did induce plaintiff to purchase the same, and by reason thereof he has been damaged in the sum of $3,250.

It is also alleged that at the time said timber was purchased, plaintiff was unable to secure the money with which to make the payment therefor, and "at said time arranged with the Springston Lumber Company for a loan to him, said plaintiff, of the sum of $6,000 in cash, and agreed with defendant to accept the notes of said Springston Lumber Company for an additional six thousand dollars in payment of the balance of said purchase price, and at said time for the purpose of securing said Springston Lumber Co. for the money so secured and borrowed from it and the notes executed by it for plaintiff and on his behalf, plaintiff did cause deed to said timber to be taken in the name of the Springston Lumber Co., but said deed was held by the Springston Lumber Co. only as security for the sum so borrowed from it by plaintiff; that by reason thereof plaintiff paid to the defendant the sum of six thousand dollars in cash and the balance of said purchase price in notes, all of which said notes were signed by the Springston Lumber Co. and all thereof have been paid with the exception of one note for the sum of $2,000 with interest at the rate of 8% per annum from on or about the —— day of December, 1911, and which plaintiff is informed and believes, and therefore alleges the fact to be, is now owned and held by the defendant; that said property was purchased by plaintiff and said deed so taken by the Springston Lumber Co. was to secure it for the loan to

plaintiff and for no other purpose whatever, and the Springston Lumber Co. holds title to said property only as security for the indebtedness due it by plaintiff; that said Springston Lumber Co. is a corporation duly authorized to do business in the state of Idaho and is now engaged in doing business in the state of Idaho; that said notes so executed by the Springston Lumber Co. to said defendant were executed for and on behalf of plaintiff and plaintiff promised and agreed to and with the Springston Lumber Co. to make payment of said notes and is personally bound to said company for the full sum thereof, and said notes were and are in fact accommodation notes made by the Springston Lumber Co. and for and on behalf of this plaintiff; that no other person, company or corporation whatsoever has any interest in or to this controversy other than the plaintiff herein, and that the damages caused by reason of the acts of said defendant were caused to the plaintiff and plaintiff has lost thereby the sums herein mentioned.''

It was upon the above-quoted allegations that the trial court must have come to the conclusion that the Springston Lumber Company. was a necessary party to said action.

Counsel for appellant contends that the above-quoted allegations were made in order that there might be no misunderstanding or claim on the trial of the case that the defendant was surprised and in order that the complaint might fully set forth the facts upon which the plaintiff's cause of action was based. It is therein alleged that the Springston Lumber Company was simply the surety or became the security for the plaintiff in the payment of said purchase price, and that in order to secure the Springston Lumber Company for becoming such surety, the deed to said timber was taken in the name of the Springston Lumber Company. The complaint also alleges that all of the notes signed by the Springston Lumber Company had been paid with the exception of one for $2,000; that said notes are in fact accommodation notes signed by the Springston Lumber Company for 'and on behalf of the plaintiff; that no other person, company, or corporation whatever has any interest in or to the controversy

other than the plaintiff, and that the damage done and the acts complained of were suffered by the plaintiff, and that plaintiff has lost the sums mentioned and prays for judgment for $3,250, and also prays that if it appears that the defendant is still the owner of the said $2,000 note, that said note be set off and canceled as against any judgment recovered by plaintiff.

Then the question presented for determination is whether said complaint on its face shows that the Springston Lumber Company is a necessary party plaintiff to this action. Counsel for appellant first contends that the authorities are uniform in holding that where one sells real estate and makes representations as to the quantity of land sold, that he is liable in an action for damages in case his representations, whether believed by him to be true or not, are in fact false, and the boundary lines pointed out by him are not the true boundary lines and the purchaser suffers any loss by reason thereof.

It was said in *Miller v. Wissert,* 38 Okl. 808, 134 Pac. 62, that "False representations of a vendor as to the quantity of a tract of land he offers for sale are not mere matters of opinion, but are material, and he cannot avoid their consequences merely because the vendee might have ascertained their falsity by a survey of the land or by reference to official plats and records."

In *Quarg v. Scher,* 136 Cal. 406, 69 Pac. 96, the court held that where the vendor represents that a tract of land contains a certain number of acres, the vendee can rely on the statement, and may rescind the sale, or have the purchase price decreased, if there is less land than vendor states. (*McGhee v. Bell,* 170 Mo. 121, 70 S. W. 493, 59 L. R. A. 761.)

It was held in *Culbertson v. Blanchard,* 79 Tex. 486, 15 S. W. 700, that even honesty in making a mistake is no defense, as it is incumbent upon the vendor to know the facts.

It is not necessary for us to pursue this point further. As we understand the record, the learned district judge held that the complaint stated a cause of action, but sustained the de-

murrer solely on the ground of nonjoinder, and held that the Springston Lumber Company was a necessary party plaintiff.

It will be observed from the allegations of the complaint above set forth that this is not an action for the cancelation of the $2,000 note, but is an action for damages by one claiming to be the vendee against the vendor. The contract alleged in the complaint is based upon the fact that the plaintiff and the defendant were the only parties to the contract for the purchase and sale of said timber; they are the real parties. The defendant by the demurrer admitted the material allegations of the complaint. He admitted that the timber was purchased by the plaintiff from him and admitted the pointing out of said boundary lines and that said boundary lines were not correct, and that the deed to the timber was made to the Springston Lumber Company for the purpose of security only. Then the only question remaining is as to whether, under all of those admitted facts, the Springston Lumber Company is a necessary party plaintiff to the action.

Under our practice act, if another person is a necessary party to an action, then the demurrer for nonjoinder will lie; but if such person is only a *proper* party, as distinguished from a *necessary* party, the demurrer for defective parties or nonjoinder will not lie.

It is stated in 31 Cyc. 293, as follows: "Under the codes and practice acts, a 'defect of parties' is expressly enumerated as a ground of demurrer, and such provisions apply equally well to a defect of parties plaintiff, as well as a defect of parties defendant. But nonjoinder of a proper, as distinguished from necessary, party is not ground for demurrer."

A "necessary" party is universally held to be one without whom the cause cannot proceed to final determination, whereas a "proper" party is one without whom the cause might have proceeded, but whose presence will allow a decree or judgment to more clearly settle the controversy between all of the parties.

It is stated in Bliss on Code Pleading, 21, that "In general, in an action founded upon tort, the person who suffered the injury must bring the action, for he is the party in interest."

The allegations of the complaint clearly show that the plaintiff is the one who suffered the alleged injury, and since it is alleged that the Springston Lumber Company was only security for the payment of the purchase price for said timber, it has not suffered any injury, as it has the title to said timber which it took as security, and such title is not sought to be affected in any way by this action. Injury is alleged to the plaintiff; no injury is alleged to the Springston company; no intimation is made in the complaint that the Springston company has a legal interest in this cause of action and that it could enforce it, notwithstanding a full and complete recovery were had by the plaintiff. It is not necessary to join as plaintiffs persons who do not appear by the allegations of the complaint to be united in interest with the plaintiff in the relief sought. (*Garner v. Wright,* 28 How. Pr. 92; *Washburn v. Case,* 1 Wash. Ter. 253; *Sheridan Gas, Oil & Coal Co. v. Pearson,* 19 Ind. App. 252, 65 Am. St. 402, 49 N. E. 357.)

According to the allegations of the complaint, the Springston Lumber Company was not a party to the contract for the purchase of said timber. The representations alleged to have been made to the plaintiff to induce him to buy the timber could not be relied upon by the Springston company, since it was not a party to the contract and had no interest therein, and it is a well-recognized rule of law that one who is not a party to a contract and has no interest in the contract is neither a necessary nor a proper party to an action because of a breach of the contract. (*Hurlbutt v. N. W. Spaulding Saw Co.,* 93 Cal. 55, 28 Pac. 795.) If the defendant can show by allegations in his answer that a complete determination of this controversy cannot be had without the Springston Lumber Company being made a party, it would then become the duty of the court to direct it to be brought in.

We therefore conclude that the court erred in holding that

there was a defect of parties plaintiff, in that the Springston Lumber Company was not made a party.

The judgment of dismissal must therefore be reversed, and it is so ordered, with directions to the trial court to overrule the demurrer and to permit the defendant to answer. Costs are awarded to the appellant.

AILSHIE, C. J., Concurring Specially.—In concurring in a reversal of the judgment in this case, I want to state the reasons which lead me to do so. I do not think upon the face of the complaint the question could be fairly presented to the court by demurrer that the Springston Lumber Company was a necessary party to the adjudication of any cause of action alleged as existing between plaintiff and defendant. On the other hand, I do not see where there would be any protection to either plaintiff or defendant under any judgment on this contract as against the Springston Lumber Company. A determination that the Springston Lumber Company had no real interest in the contract and only appeared as a nominal party thereto would be binding as between the parties to this action, but it would be in no sense binding upon the Springston Lumber Company and would in no way bar the company from prosecuting its action on the contract, or any action against either party involving any right under the contract. For that reason, I have no doubt but that the Springston Lumber Company is a ''proper party,'' if not a ''necessary party,'' and it would have been entirely proper, and I think wise, for the trial judge to have ordered the plaintiff to bring in the Springston Lumber Company and make it either a defendant or a plaintiff in the action.

While I agree that so far as the complaint shows, it cannot be said that the Springston Lumber Company was a necessary party, I am fully persuaded that it was a proper party, and that it should have been brought into this action and required to set up any interest it may have in the matter, so that justice may be done all the parties under the contract in the one action.