(No. 5913.   September 29, 1933.)

LEW AUMOCK and NEVA AUMOCK, His Wife, Appellants, v. FRED N. KILBORN, Respondent.

[25 Pac. (2d) 1047.]

Miles F. Egbers, for Appellants.

Whitla & Knudson, for Respondent.

MORGAN, J.—September 3, 1930, appellants assigned and conveyed to respondent, for the benefit of their creditors, certain real estate and personal property. December 19, 1930, the parties entered into an agreement whereby respondent, in consideration of $12,000 paid to him by appellants to be applied toward the payment of their debts, reconveyed and reassigned the property to them and agreed to account to them for the funds so coming into his hands. Prior to the commencement of the action respondent rendered to appellants two statements which he insists, and they deny, constitute such an accounting as they are entitled to. This suit was commenced by appellants against respondent to procure an accounting. The court found a full accounting had been made, and judgment was for the defendant for his costs. This appeal is from the judgment.

In his answer respondent alleged that appellants wrongfully, maliciously and intentionally brought this action

for the purpose of trying to compel him to pay certain claims which it was contracted and agreed should not be paid by him; " .... that this action is brought wrongfully, maliciously and with a design on the part of plaintiffs to cause the defendant unnecessary trouble and expense and by reason thereof the defendant has been damaged in the sum of $1,000 together with his attorney fees herein expended." Appellants moved to strike from the answer the allegations above mentioned. The motion was overruled, and the ruling is assigned as error.

Respondent has not pleaded his damage in the sum of $1,000 and attorney fees by him expended as a cross-complaint, nor are we able to say he has intended to plead these items as a counterclaim. They appear to have been set up as a defense to the suit for an accounting.

The. authorities on the question of the right to recover for damage caused by the malicious prosecution of a civil action where no arrest has been made and no property has been seized or interfered with are not uniform. (38 C. J., p. 393, sec. 20; p. 394, sec. 21.) That question is not now properly before us. If respondent has been damaged by malicious commencement and prosecution of this suit, without reasonable or probable cause, his damage is not available to protect him from being required to render a proper accounting of his stewardship as assignee of appellants' property for the benefit of their creditors, nor to prevent being compelled to show what he did with the $12,000 turned over to him by appellants. The motion to strike these allegations from the answer should have been sustained, and the trial court is directed to enter an order accordingly.

This case was set to be heard November 24, 1931, at 10 o'clock A. M. When it was set the time within which appellants might demur to or move to strike the answer had not expired, and prior to November 24th a demurrer to and a motion to strike portions of that pleading were filed. Some misunderstanding arose as to whether the case was to be heard on that date on the demurrer and motion alone, or whether issues of fact were to be tried also. The motion

and demurrer were overruled and, it appearing the case had been set to be tried on issues of fact, appellants moved to vacate the order setting it. That motion was granted and the following is incorporated in the order granting it:

"It is further ordered in connection with the granting of the·motion to vacate the setting of said case for trial on issues of fact, that the defendant do have and recover of and from the plaintiffs, judgment for the sum of Twenty and 45/100 ($20.45) Dollars, the amount ascertained by the court to cover the expenses of defendant in bringing to court certain witnesses to be called upon the trial of issues of fact and judgment is hereby entered accordingly."

Appellants attempted to incorporate in their notice of appeal separate appeals from various orders made prior to final judgment, and included among these orders so attempted to be appealed from is "that certain order granting motion to vacate setting of cause for trial and from that part of said order awarding defendant the sum of $20.45 against plaintiffs, and from the whole of said order, the said order so appealed from being dated the 24 day of November, 1931, and being filed and entered on the 24th day of November, 1931. . . . . "

The trial court apparently treated this order as a final judgment in favor of respondent and against appellants for $20.45. This matter has heretofore been before this court on motion to dismiss and is reported in 52 Ida. 438, 16 Pac. (2d) 975, where the court held the orders mentioned in the notice of appeal to be "interlocutory orders entered before judgment (no judgment being entered on any of said orders), to-wit . . . . Granting motion to vacate setting of cause for trial of issues of fact and imposing terms, entered November 24, 1931; . . . . " That decision is the law of the case so far as the nature of this order is concerned. (*Johnson v. Young,* on rehearing, *ante,* p. 271, 23 Pac. (2d) 723, 724; *Garvin v. First Nat. Bank,* 50 Ida. 491, 298 Pac. 359.) It is not, therefore, to be treated as a judgment, but as an interlocutory order, deemed excepted to, and subject to review on appeal from the judgment.

██ ██ Of this order counsel for respondent say in their brief:

"The case had been set upon agreement of counsel and the defendant was there with the witnesses. The plaintiff asked for and secured the order of continuance. The court imposed upon him terms that he should pay costs. He was financially unable to pay. The costs imposed was the small sum of $20.45, so judgment went against him for that amount."

This motion is the equivalent of an application to postpone the trial referred to in I. C. A., sec. 12–109, which is as follows:

"When an application is made to a court or referee to postpone a trial, the payment of costs occasioned by the postponement may be imposed, in the discretion of the court or referee, as a condition of granting the same."

It was within the discretion of the court to grant or refuse to grant the motion; to impose, as terms, the payment of costs occasioned by a postponement, if granted, and to deny a postponement if the costs were not paid.

██ It is the opinion of the majority of the court that where costs are imposed upon a party litigant as a condition for granting a continuance or vacating an order setting a case for trial, and not paid prior to final judgment, they may be inserted therein. (I. C. A., sec. 12–109; I. C. A., sec. 12–115; 13 C. J., p. 194; *Williams v. Dickenson,* 28 Fla. 90, 9 So. 874.

The order of the court above quoted is therefore approved and the item of $20.45, mentioned therein, if not paid prior thereto, will be entered or adjusted in the final judgment.

It appears that when the case was again called for trial respondent was too ill to be present in court. Counsel for appellants indicated he desired to call respondent and said:

"He has been subpoenaed and I have no way or means of proving my case or the allegations of my complaint without the witness, Kilborn, and it is necessary that I get from him the data for making such an account and I expect

to introduce documents that he has made and the testimony of any other witness is immaterial, as I see it, in the case.''.

Counsel for appellants moved that the trial be postponed because of the illness of respondent, Kilborn, and in reply to the court's question as to what other witnesses he had, said:

"He is the only witness I have, your Honor. I shall make a showing and prepare affidavits and I don't want Mr. Kilborn subjected to testifying at the jail. I don't want to go over there and question him. If he is not able to come over in this court-room, I don't want to question him because it is dangerous to his health.''

In the course of a discussion which followed, the court asked if Mr. Kilborn would be able to be interrogated as a witness, to which counsel for respondent replied:

"Yes, I think he could be, but he don't want to be. These matters are what is putting Mr. Kilborn in the condition he is in. I will run the risk rather than have it continued.''

Whereupon the court ruled that the testimony of Mr. Kilborn would be taken at the jail, where he was an officer and had an apartment.

Having introduced in evidence the agreement whereby appellants' property was assigned and conveyed to respondent for the benefit of their creditors, and the agreement with respect to the reassignment and reconveyance of the property from respondent to appellants and the receipt by him from them of $12,000 to be applied toward the payment of their debts, and for which he agreed to account to them, and having proven that the two statements which respondent had rendered to appellants prior to the commencement of the action and which were introduced in evidence were the only statements of account he rendered to them, appellants moved the court for an order directing respondent to sign and file, at a time to be fixed by the court, an itemized account, with a statement in writing, showing all property and funds by him received as assignee, specifying from

whom received, when and on what account, also all disbursements made by him, to whom the funds were paid, and when and for what purposes; that he accompany said account with proper vouchers for all disbursements by him made, showing what disposition had been made of all property and funds by him received; that he be required to report what claims were filed with him stating the names and addresses of the creditors, the amounts claimed and the sums allowed and, if paid, the amount paid on such claims and that further trial of the case be postponed until such time as the court should fix for hearing said final account.

In support of his motion and his contention that no proper account had been rendered, counsel for appellants pointed out and specified, as being insufficiently stated, a large number of items appearing in the statements rendered by respondent. The motion was denied, the court stating:

"Most of these witnesses are present and if you want to examine them as to that account, the Court will permit it."

To which counsel for appellants replied:

"Now, if the Court please, there are approximately, I don't know just how many, but there must be sixty-five or seventy items listed in the second account that, under the ruling of the court, we are required to take exception to. Some we don't know about. Some may be alright and others not. We don't know whether there is sufficient information here to show the situation. I don't know what situation might arise and we expected Mr. Kilborn's assistance with the plaintiffs' and I don't know how we can proceed in this matter without his testimony."

"By the Court: You had an opportunity to take it."

Appellants rested, and counsel for respondent moved that the action be dismissed upon the ground that the evidence showed respondent had rendered to appellants a full accounting. The motion was sustained.

██ We have examined the statements rendered by respondent to appellants and are convinced they are insufficient to meet the requirements of the law providing for an

accounting. Many important items are so vague as to suggest a studied effort to give as little information as possible with respect to them.

In view of the nature of the accounting sought herein, of the number and character of the transactions, and of the illness of respondent, whose testimony, at length, would be indispensable in the absence of the rendition by him of a proper account, accompanied by vouchers, specifying with particularity all receipts and disbursements, pertaining to the execution of the trust, the following quotation from *Fincham v. A. U. Pinkham & Co.*, 133 Wash. 517, 233 Pac. 913, 914, applies to the situation we find here:

''It is the well established practice, where an accounting is demanded and the right thereto is denied, to first settle and determine that issue, and then, if the right thereto be established, to order a reference, or to take the account before the court at a future date to be determined. It is manifest that, although the appellant had filed interrogatories, and by direction of the court had submitted a bill of particulars, yet, in so doing, he was without the benefit of the books, records, and information which were in the possession of the respondent, and to which he was entitled to assist him in taking the accounting. This is accented by the fact that appellant's preliminary motion for inspection of the books was allowed only to the extent of requiring the books to be produced at the trial. When equity undertakes an accounting, it will go into the question thoroughly, and, so far as possible, ascertain all of the facts and decree absolute justice between the parties. It is manifest that, where numerous transactions are involved, running over a period of considerable time, and recovery is to be based upon profits accruing from each of such transactions, something more is needed than a cursory examination of a set of books in court, or even out of court during the hours when the court is not in session while the case is progressing. Probably the services of an expert might be necessary, but whether so or not, such time should be given as under all of the circumstances of the case will assure ample opportunity to develop

the full truth. This was not the refusal to grant a continuance in the ordinary sense, but a denial of a substantial right."

See, also, *State v. Callahan,* 48 Nev. 265, 229 Pac. 702; *Fox v. Hall,* 164 Cal. 287, 128 Pac. 749; *Schefski v. Anker,* 216 Cal. 624, 15 Pac. (2d) 744.

The judgment is reversed, with direction that further proceedings be had in accordance with the suggestions herein contained; that prior to final hearing respondent be required, by order of the court, to render a detailed account giving to appellants all information available to him pertaining to the execution of his trust, accompanied by such vouchers, or copies of vouchers, relating thereto as he may have or may be able to procure, and to permit them, should they desire to do so, to examine personally or with the aid of skilled assistants, under such circumstances as the court may prescribe, any books of account in his possession or under his control having to do with the execution of his trust. Costs are awarded to appellants.

Budge, C. J., and Givens, Holden and Wernette, JJ., concur.

Petition for rehearing denied.