(No. 6297.   February 24, 1937.)

HARRY HARP, Respondent, v. GEORGE E. STONE-BRAKER, Appellant.

[65 Pac. (2d) 766.]

J. F. Martin and John D. Whitney for Appellant.

Fred M. Taylor for Respondent.

MORGAN, C. J.—This action was commenced by respondent against appellant to recover $650.29, which he alleged was due him from appellant for labor performed and services rendered as an employee and manager of the latter's automobile service station in Cascade. In his complaint, respondent alleged he worked for appellant in said capacity from May 1, 1934, to January 1. 1935, and it was agreed between them he was to receive $100 per month and a commission of one cent per gallon on all gasoline sold, and 10 per cent of the amount received from the sale of tires at and through said station; that between the above mentioned dates he earned $1262.58, no part of which was paid except $562.29 and that appellant had loaned him $50, prior to his employment, so that there was due and owing to him from appellant on January 1, 1935, after deducting the amount he had been paid and the $50 loan, the net sum of $650.29. He further alleged that, January 1, 1935, appellant discharged him without paying him the sum due, although he made demand therefor and, by reason of the failure and refusal of appellant to pay, there was due and owing to respondent from appellant the further sum of $154.50, being thirty days' additional wages from and after January 1, 1935. The claim for $154.50 is made pursuant to I. C. A., sec. 44–606, which provides for a penalty to be paid by an employer who discharges his employee without paying the wages due him.

Appellant answered, denying all the allegations of the complaint not specifically admitted. He admitted he employed respondent as an attendant at his service station, on or about May 1, 1934, at a wage of $100 a month and alleged he had paid the wages in full and that respondent had been overpaid, as more fully set out in the cross-complaint filed with the answer. In his cross-complaint appellant alleged that on or about May 1, 1934, he employed respondent as operator, attendant and manager of the service station, and agreed to pay him $100 a month as full compensation for his

services; that respondent worked at such employment for eight months and sold gasoline, oils, tires, tubes and automobile accessories from the service station for a sum in excess of $8,500, and failed, refused and neglected to account for the proceeds of such sales except in the sum of $6,263.12. Appellant prayed that an accounting be had and that the court render judgment in his favor and against respondent for the amount found to be due him.

The case was tried to a jury which rendered a verdict in favor of plaintiff, respondent here, in the sum of $387.41, and judgment for that amount, together with $13.20 costs, was entered in his favor against appellant. This appeal is from the judgment.

The case was submitted on briefs. Appellant has assigned as error the refusal to give his requested instruction No. 3. No authority is cited, nor argument made, in support of that assignment and it will be deemed to be waived. (*State v. Richardson*, 56 Ida. 150, 50 Pac. (2d) 1012.) The only question presented is as to the sufficiency of the evidence to sustain the verdict and judgment.

Respondent's testimony shows he kept no books; that he put all money received from sales in the cash register and it showed on the tape; that some of the bills incurred in operating the station were paid in cash and others by checks which he drew on the bank account belonging to the business; that some of his personal bills were paid by checks against the station's bank account, which were charged to him and that, from time to time, with the consent of his employer, he retained money from the proceeds of the business in part payment for his services, which, together with the checks last mentioned amounted, in the aggregate, to $562.29; that when he drew money for himself, or paid bills of the business in cash, he put a slip in the cash register showing the amount so drawn, or paid out; that during his employment he turned over to appellant money derived from the business, the exact amount of which he did not remember, and that all money not retained by him and accounted for as part pay for his services, or paid in satisfaction of bills owed by the business, or turned over to his employer, were put in the bank to the credit of the business.

The evidence further shows appellant employed a bookkeeper whose duty it was to keep the books of the automobile filling station and the books of a trucking business which he owned and operated. Respondent's testimony is to the effect that he turned over to the bookkeeper the tape from the cash register and the slips, or tabs, showing all the money he had retained and all he had paid out in cash in conducting the business, and he had never seen the books kept by the bookkeeper.

There is conflict in the evidence as to the terms of the contract of employment. Respondent testified it was agreed appellant should pay him $100 per month and a commission of one cent per gallon on all gasoline, and 10 per cent of the selling price of all tires sold at the station. Appellant testified he agreed to pay respondent $100 per month and that there was no agreement he should pay any commission. Neither appellant nor respondent was able to testify definitely as to the number of gallons of gasoline, or the value of the tires sold. The record respondent made of the sales and of the disposition he made of the money arising therefrom were delivered to appellant's bookkeeper and she had departed from Cascade prior to the trial and was not produced as a witness.

It was stipulated that during the time of employment at least 34,000 gallons of gasoline were sold at the service station, but that if the proof should contradict the stipulation, the jury should accept the proof rather than the stipulation.

Respondent testified that while he did not know the exact value of the tires he had sold, it would amount to at least $800. Evidence was introduced as to the amount of merchandise received at the filling station, but respondent was unable to testify as to the amount of stock remaining when he was discharged.

Respondent's claim for commission is based on the 34,000 gallons of gasoline which it was stipulated he sold, and $800 worth of tires, being a minimum amount shown to have been disposed of by him. Appellant caused the records of the service station to be examined by an accountant who testified as to his findings, from which it appears goods purchased, of retail value considerably in excess of the claim of respond-

ent, are not accounted for in the books kept of the business.

As heretofore pointed out, the bookkeeper did not appear as a witness, and there is nothing to show whether or not the books were properly kept, or were complete, or reflected the true condition of the accounts. The accountant, after testifying as to the amount unaccounted for, as shown by the books, further testified:

"Q. Is it not a fact that in order for you or any other accountant to make an accurate check up of any business it is necessary to have all the books and records of that business?

"A. Yes, sir.

"Q. Is it not a fact or do you know if it be the fact, that all the books and records of the Cascade Super Service Station are not in evidence in this case?

"A. I do not know as I can answer that question.

"Q. Do you know?

"A. No, sir, I do not know."

The testimony of respondent, if undisputed, is sufficient to sustain a verdict in his favor at least as large as that rendered, and it was for the jury to say whether the evidence produced by appellant was sufficient to defeat his right to recover. The verdict will not be disturbed on appeal, because of conflict, if the evidence supporting it would be sufficient to sustain it if uncontradicted. (*Mitchell* v. *Atwood*, 55 Ida. 772, 47 Pac. (2d) 680.)

The judgment is affirmed. Costs awarded to respondent.

Holden, Ailshie and Givens, JJ., concur.