227 P.2d 347

LANNING et ux. v. SPRAGUE.

No. 7643.

Supreme Court of Idaho.

Feb. 2, 1951.

Gigray & Boyd, Caldwell, for appellant.

Dunlap & Dunlap, Caldwell, for respondents.

KEETON, Justice.

Plaintiffs, respondents here, brought this action to recover damages because of alleged deceit and misrepresentations of defendant, appellant, as to what constituted the boundary lines of Block 80, Mountain View Addition to Caldwell.

The parties will be referred to as they appear in the trial court. Respondents will be referred to as plaintiffs and appellant will be referred to as defendant.

Defendant, on January 10, 1947, inserted an advertisement in the Caldwell News offering for sale 2½ acres of land, close to a school, with improvements consisting of a six room modern house, stoker, full basement, large barn, garage and chicken house. Plaintiffs made an appointment with defendant to view the premises so advertised, and together the parties inspected the property. In showing the plaintiffs the alleged boundaries of the land, defendant indicated a fence running east and west approximately 70 feet north of the dwelling, and told the plaintiffs that the north boundary of the land was approximately 15 feet north of the fence so indicated. The defendant further pointed out to the plaintiffs certain improvements claimed to be located on the property, namely, a dwelling, chicken house, shed, garage, fruit and shade trees, alfalfa patch and cesspool. Plaintiffs, on January 17,

1947, entered into a contract with defendant to purchase the property for the sum of $10,000; thereafter paid the purchase price in full and received a warranty deed covering Block 80 Mountain View Addition to Caldwell.

About July 1, 1948, plaintiffs learned that Block 80 did not extend the distance north represented by defendant and that the true boundary line of the land so contracted for and conveyed was approximately 70 feet south of the line indicated, and that the alfalfa field, some fruit and shade trees, chicken house, shed and garage were not located on the property purchased; that the dwelling extended into a dedicated, unopened street (Locust Street) a distance of about 4½ feet; that the barn represented as being on the premises extended 16 feet across an alley; that the boundary lines of the property as represented and pointed out to the·plaintiffs were, in fact, not the true boundary lines of the property; and that the total acreage was not 2½ acres, but 1-8/10 acres.

On issues framed, a jury trial was waived, and the court on evidence submitted (somewhat in conflict) found:

"That immediately prior to the 17th day of January, 1947, and on or about the 15th day of January, 1947, while plaintiffs and defendant were dealing with respect to the sale and purchase of said real property, as aforesaid, the defendant, intending to deceive the plaintiffs and. to induce them to purchase said real property, made to the plaintiffs the following false representations, to-wit:

"The said defendant represented to the said plaintiffs that the North boundary line of said real property hereinabove described was 15 feet North of a fence located on and along the South boundary line of Block 79, Mountain View Addition to Caldwell, Canyon County, Idaho; that the said defendant represented to plaintiffs that certain improvements, to-wit, a dwelling house, chicken house, shed, garage, fruit and shade trees, were located on said real property * * *."

"That said representations of the said defendant were false and that the North boundary line of said real property hereinabove described was in fact located a distance of approximately 70 feet South of said fence located as aforesaid; that said improvements, to-wit, the dwelling house, chicken house, shed, garage, fruit and shade trees, were not in fact located in said Block 80, Mountain View Addition to Caldwell, but were, and now are located in a Street between said Block 80 and Block 79 of Mountain View Addition to Caldwell, Canyon County, Idaho, known and platted as Locust Street in that certain plat hereinafter described. * * *"

The court further found that the plaintiffs discovered about July 1, 1948, that the representations were false, and that when the contract of purchase was entered into plaintiffs had no knowledge or information as to the location of the improvements

and the north boundary line of said real estate other than the statements and representations of the defendant which they relied upon, and believed to be true, and because of said false representations and statements plaintiffs entered into the contract of purchase. The court entered judgment for the plaintiffs in the sum of $3,120.70. This appeal is from the judgment.

When the case was called for trial, defendant made a motion for a continuance, alleging in substance that there was a proceedings pending before the City Council of Caldwell, to vacate a portion of Locust street, and if the street were vacated it would then be unnecessary to move the house from the street onto the land sold, and thus mitigate the damages. The court denied the motion. The ruling has been assigned as error.

■ The motion was not supported by an affidavit and was based on a contingent or prospective supposition of what might or might not happen. A motion for continuance is addressed, in the first instance, to the sound discretion of the trial court, and its ruling will not be reviewed or disturbed unless such discretion has been abused. Reynolds v. Corbus, 7 Idaho 481, 63 P. 884; Robertson v. Moore, 10 Idaho 115, 77 P. 218; Rankin v. Caldwell, 15 Idaho 625, 99 P. 108; Storer v. Heitfeld, 17 Idaho 113, 105 P. 55; Miller v. Brown, 18 Idaho 200, 109 P. 139; De Puy v. Peebles, 24 Idaho 550, 135 P. 264; Corey v. Blackwell Lumber Co., 27 Idaho 460, 149 P. 510;

Berlin Machine Works v. Dehlbom Lumber Co., 32 Idaho 566, 186 P. 513; Aumock v. Kilborn, 53 Idaho 506, 25 P.2d 1047; Pacific Coast Joint Stock Land Bank v. Security Products Co., 56 Idaho 436, 55 P.2d 716.

In the case before us we find no abuse of discretion.

Appellant contends that the plaintiffs had both actual and constructive notice of the location of the street north of Block 80 above described. On conflicting evidence, the court found the converse to be true.

■ Findings of the trial court based on competent, substantial evidence, even though the evidence is conflicting, will not be disturbed on appeal. Stallinger v. Johnson, 65 Idaho 101, 139 P.2d 460; Pickerd v. Dahl, 64 Idaho 14, 127 P.2d 759; Jones v. Mikesh, 60 Idaho 680, 95 P.2d 575; Nelson v. Inland Motor Freight Co., 60 Idaho 443, 92 P.2d 790; Harp v. Stonebraker, 57 Idaho 434, 65 P.2d 766.

The appellant contends that the plaintiffs were put on inquiry; it was their duty to make a reasonable investigation, and that the plaintiffs had constructive notice of the location of the street. This based on the fact that they were furnished with an abstract which showed the plat of the block sold and the location of Locust Street.

■ The defendant showed the plaintiffs a fence about 70 feet north of the true line and told the plaintiffs the street was north of the line indicated. The fact that the

abstract showed a street which the plaintiff was told existed at the wrong location would not be sufficient to require the plaintiffs to assume the line was different than that indicated by the defendant, and they had a right to believe that the defendant knew the true boundary of the land he was selling and to rely on such representation.

■ Where one makes representations as to the boundary lines of property which he owns and is selling, and such statements are in fact false, and the boundary pointed out by him is not the true boundary and the vendee, relying on such false statements suffers a loss by reason thereof, the right of the vendee to recover damages is universally recognized.

If the defendant did not know where the true boundary of the land in question was, he should not have taken upon himself to point out the same, and to make a definite and positive representation concerning it and which the state of knowledge did not enable him to make with verity and correctness.

Extensive review of authority supporting the above conclusion would serve no useful purpose, see Burger v. Calek, 37 Idaho 235, 215 P. 981 and Watson v. Molden, 10 Idaho 570, 79 P. 503, and for a collection and review of cases in point, see 33 A.L.R. pages 1039 to 1050 inclusive.

■ The trial court found that the acts of the defendant in representing the boundaries of the land were made with intent to deceive the plaintiffs and to induce them to purchase the real property, and that the representations relied on by the plaintiffs were false. Plaintiffs' right to recover damages cannot be defeated by a showing that plaintiffs by making an independent investigation could have ascertained the falsity of the representations. The plaintiffs were induced to enter into the contract by the false statements and representations of the defendant and it is no answer to plaintiffs' claim that they could have ascertained the truth by a survey of the land or making inquiry. The plaintiffs relied on defendant's statement and defendant now attempts to avoid liability by want of caution on the part of the plaintiffs, due to the fact that they believed the statements of the defendant. The defendant having stated what was untrue cannot now complain because the plaintiffs believed what they were told.

■ False representations of a vendor as to the quantity of a tract of land which he offers for sale are not mere matters of opinion but are material and he cannot avoid their consequences merely because the vendee might have ascertained their falsity by a survey of the land or by reference to official plats and records.

■ Even honesty in making a mistake is no defense as it is incumbent upon the vendor to know the facts. Taylor v. Lytle, 26 Idaho 97, 141 P. 92; 33 A.L.R. 1039; Miller v. Wissert, 38 Okl. 808, 134 P. 62; Culbertson v. Blanchard, 79 Tex. 486, 15 S.W. 700.

■ The appellant's brief, in claimed mitigation of damages, asserts facts alleged to have happened since the trial and decision. Such matters are not matters of record, nor shown in the transcript, and matters not shown in the record will not be considered on appeal, as this court is restricted to and must decide the case on the record. Rivera v. Johnston, 71 Idaho 70, 225 P.2d 858.

■ The defendant urges that plaintiffs objected to a vacation of a portion of Locust Street, and asserts that such vacation would have mitigated the plaintiffs' damages; further, that he was not permitted to cross examine the plaintiff, Mr. Lanning, as to why he objected. The fact that he did object was a matter for consideration by the trial court in fixing the damages. His reasons for objecting are not material in determination of the amount of damages suffered, and the court properly sustained the objection of plaintiffs' counsel. While the court should allow a liberal, wide scope of cross examination, Lyon v. Melgard, 66 Idaho 599, at page 606, 163 P.2d 1019, the question of vacating Locust street, or a part of it, was not properly before the trial court. Judgment affirmed. Costs to respondents.

GIVENS, C. J., and PORTER and THOMAS, JJ., concur.

TAYLOR, Justice (dissenting in part).

I concur in the conclusion reached. But, I do not concur in holding that "the court properly sustained the objection of plaintiffs' counsel," to the question asked plaintiff as to why he objected to the proposed vacation of a portion of Locust Street. The street could not be vacated without his consent, and his failure to give such consent was inconsistent with his claim for damages for failure of defendant to deliver a part of the land, which the vacation would have given him. 70 C.J., Witnesses, sec. 797(3). Would the plaintiff prefer money damages to the land? Or did he want to postpone the vacation of the street until he obtained maximum damages, and thus get both? The motive of a witness, where material, is always a proper subject of inquiry on cross-examination. 70 C.J., Witnesses, sec. 805(10). And even if immaterial where it affects credibility. "Any question, although irrelevant or remote, may be put if it reasonably tends to explain, contradict, or discredit any testimony given by him, or to test his accuracy, memory, veracity, or credibility." 58 Am.Jur., Witnesses, sec. 626, p. 347.

This court has held that a wide latitude should be allowed in the cross-examination of witnesses. Johnson v. Richards, 50 Idaho 150, 294 P. 507; In re Estate of Brown, 52 Idaho 286, 15 P.2d 604; Lyon v. Melgard, 66 Idaho 599, 163 P.2d 1019. This rule is especially applicable where the witness is a party to the action. Just v. Idaho Canal etc. Co., Ltd., 16 Idaho 639, 102 P. 381; Tawzer v. McAdams, 134 Kan. 596, 7 P.2d 516; 70 C.J., Witnesses, sec. 828. The court should have allowed the plaintiff to answer.