McCORMICK  HARVESTING  MACHINE  Co. · v.  W.  H. KOCH *et al.*

(Filed Aug. 25, 1899.)

1. PROMISSORY NOTE—*Conditional Sale—Rights of Parties.* Where a promissory note is given for purchase price of a harvesting machine, and by a provision contained in the note the title is to remain in the vendor until the note is paid, and in case of default the vendor is authorized to take possession of the machine and sell it, and apply the proceeds on the note, and the note also contains an express stipulation that, in the event the vendor sells the machine and applies the proceeds on the note, the vendee shall, in consideration of the use and rent of the machine, be liable for any balance remaining unpaid, *held* that, as between the

parties, such agreement is valid and binding, and the vendee will
be liable for any balance remaining unpaid on such note after the
sale of the machine under the terms embraced in the note, and the
proceeds of such sale have been credited as a payment on the
note.

2. JUDGMENT ON PLEADINGS—*Error*. In an action on a promissory
note, it is error to render judgment in favor of the defendant on
the pleadings, where the answer fails to set up a complete defense
to the notes.

(Syllabus by the Court.)

*Error from the Probate Court of Garfield County;*
*before W. M. Anderson, Probate Judge.*

*O. D. Hubbell,* for plaintiff in error.

*J. B. Ferguson,* for defendant in error.

Action by the McCormick Harvesting Machine Com-
pany against W. H. Koch and T. J. Koch. Judgment
for defendants and plaintiff brings error. Reversed.

Opinion of the court by

BURFORD, C. J.: The McCormick Harvesting Ma-
chine company, a corporation, brought its action in the
probate court of Garfield county against W. H. Koch
and T. J. Koch to recover judgment on two promissory
notes for the sum of $47 each, with interest, executed
by the defendants for a harvesting machine. Each of the
notes contained the following provision:

"The express condition of the sale and purchase of the
harvesting machine for which this note is given is such
that the title, ownership, or possession does not pass
from the said McCormick Harvesting Machine company
until this note and interest is paid in full, and the said
McCormick Harvesting Machine company have full
power to declare this note due, and take possession of
the said harvesting machine, whenever they deem them-

selves insecure, even before the maturity of this note, and sell the same at public or private sale, without notice. The proceeds (after the expenses and interest are paid) to be applied on this note, and any balance then unpaid shall, in consideration of the use and rent of said property, be a valid and subsisting claim against the vendee."

The defendants answered that the plaintiff had, without their knowledge or consent, taken possession of the machine for which the notes were given, and deprived them of the possession and use of same, and prayed judgment for cancellation of the notes and for costs of suit. To this answer the plaintiff interposed a demurrer for want of sufficient facts. The demurrer was overruled, and exceptions saved. The plaintiff then filed a reply, in which it was admitted that plaintiff took possession of the machine; but it was averred that such possession was taken long after the notes became due, and then under and by virtue of the terms and agreements contained in the notes, and said machine sold, and the proceeds, after paying expense of sale, applied and credited on said notes, and that there was a balance due, for which judgment was prayed.

The defendants then moved for judgment in their favor on the pleadings. The court sustained the motion, and rendered judgment in favor of the defendants for costs and for cancellation of the notes. From this judgment the plaintiff prosecutes this appeal.

The defendants in error have not favored us with any brief, and we are not advised upon what theory the trial court decided the case and gave judgment for defendants. The sale of the machine, the terms and conditions of the notes, and the manner of disposal of the machine on default, were all matters concerning which

Opinion of the Court.

the parties had a right to contract, and these terms and conditions were embraced in, and made part of, the notes. On default of payment the machine company had a right to the possession of the harvester, and a right to sell the same and apply the proceeds of sale to the payment of the notes; and the payors expressly agreed that, in consideration of the use of the machine, they should be liable for any balance. We know of no reason why such a contract is not valid and binding on the parties to it, or why it cannot be enforced as between the parties to the contract. The answer did not state a defense which would avoid the terms and provisions contained in the notes. There was no allegation of fraud, nor was it averred that the defendants had never had the possession or use of the machine. It may have been a hard contract, but the defendants voluntarily entered into it, and, under the showing made, the courts are not authorized to release them from their agreement. The reply was sufficient for the answer. It was error to render judgment for the defendants on the pleadings.

The judgment is reversed, and cause remanded, with directions to overrule the motion for judgment on the pleadings, and sustain the demurrer to the amended answer, and for further proceedings.        Judgment for plaintiff in the case for costs.

All of the Justices concurring.