(November 1, 1918.)

## MILLER-CAHOON COMPANY, a Corporation, Respondent, v. A. T. LAWRENCE and GEORGE H. LAWRENCE, Appellants.

[176 Pac. 774.]

APPEAL AND ERROR—ATTACHMENT—CONDITIONAL SALE CONTRACTS.

1.   Where the transcript does not contain an order disposing of a motion to vacate and dissolve a writ of attachment, nor a notice of appeal from the action of the court thereon, such action, if any was taken, is not presented to the supreme court for review.

2.   Where possession of goods is delivered by a vendor to a purchaser under an agreement that there is no conveyance of title, but that the ownership of the goods is to remain in the vendor until payment of the purchase price, the transaction is a conditional sale.

3.   The provision of the conditional sale contract, here under consideration, whereby the purchasers of property obligated themselves to pay a sum of money, to be ascertained as therein stated, as damages and for the use of the property in case it was repossessed by respondent, because of default in payment of the purchase price, is valid and binding.

[As to when delivery of personalty does not pass title, see note in 120 Am. St. 868.]

APPEAL from the District Court of the Ninth Judicial District, for Bonneville County. Hon. F. J. Cowen, Presiding Judge.

Action upon conditional sale contract for damage to and use of property. Judgment for plaintiff. *Affirmed.*

William A. Lee and Holden & Holden, for Appellants.

"Where a conditional sale contract . . . . provides that the seller may retake the property, the seller has two remedies: First, the collection of the remainder of the purchase price; second, the retaking of the property, but the seller cannot resort to both remedies." (*Pease v. Teller Corporation,* 22 Ida. 807, 128 Pac. 981; *Keystone Mfg. Co. v. Cassellius,* 74 Minn. 115, 76 N. W. 1028; *Nashville Lumber Co. v. Robinson,* 91 Ark. 319, 121 S. W. 350; *Jones v. Reynolds,* 45 Wash. 371, 88 Pac. 577; Williston on Sales, p. 964; *Stewart & Holmes Drug Co. v. Reed,* 74 Wash. 401, 133 Pac. 577; *Pacific Carbonator Co. v. Haydes & Son,* 26 Cal. App. 607, 147 Pac. 988; *Turk v. Carnahan,* 25 Ind. App. 125, 81 Am. St. 85, 57 N. E. 729; *Hervey v. Rhode Island Locomotive Works,* 93 U. S. 664, 23 L. ed. 1003; *Parke & Lacy Co. v. White River Lbr. Co.,* 101 Cal. 37, 35 Pac. 442; *Herring-Marvin Co. v. Smith,* 43 Or. 315, 72 Pac. 704, 73 Pac. 340; 6 Am. & Eng. Ency. of Law, 2d ed., 480; *Sanders v. Newton,* 140 Ala. 335, 1 Ann. Cas. 267, 37 So. 340.)

The vendor cannot both pursue the property *in rem,* and at the same time pursue the vendee with an action in debt for the purchase price. (*Mark Means Transfer Co. v. Mackinzie,* 9 Ida. 165, 174, 73 Pac. 135; *Bailey v. Hervey,* 135 Mass. 172, 174; *Kester v. Schuldt,* 11 Ida. 663, 85 Pac. 974.)

An attachment could not be allowed in a suit upon a title note, because the vendor held the highest form of security, that is, the title to the property itself. (*Barton v. Groseclose,* 11 Ida. 227, 81 Pac. 623.)

D. E. Rathbun, for Respondent.

"Equity will not reform instruments which express the intention of the parties at the time they are made." (3 Elliott on Contracts, sec. 2365.)

"A court of equity will not reform an instrument by inserting in it a clause which the parties deliberately agreed to leave out." (3 Elliott on Contracts, 2374; *Harkness v. Rus-*

*sell,* 118 U. S. 663, 7 Sup. Ct. 51, 30 L. ed.. 285; *Mark Means Transfer Co. v. Mackinzie,* 9 Ida. 165, 173, 73 Pac. 135; *Barton v. Groseclose,* 11 Ida. 227, 81 Pac. 623.)

"Where property is sold, the seller taking notes for the price, in each of which it is stipulated that the title to the property should remain in him until full payment of the notes, and that in case of default the payments previously made should be considered as payments for the use of the property, and after default in payment of the last note the seller retakes the property and sells it, after notice to the buyer, for a sum less than the amount due him on the last note, *such sale will not preclude him from recovering the balance due to him on said note,* such note stipulating that it was to be paid absolutely and at all events, and without defense." (*Dederick v. Wolfe,* 68 Miss. 500, 24 Am. St. 283, 9 So. 350; *Christie v. Scott,* 77 Kan. 257, 94 Pac. 214; *Matteson v. Equitable Min. & Mill. Co.,* 143 Cal. 436, 77 Pac. 144.)

MORGAN, J.—Appellants, having purchased from respondent a disc plow, on April 2, 1912, in part payment therefor, executed and delivered their promissory note, due on or before October 1, 1912, incorporated and expressed in a conditional sale contract, which contract contained, among others, the following provisions:

"The conditions of this transaction are that the title to said property does not pass from said company until this note and interest shall have been paid in full, and the said company or its agent has full power to declare this note due and take possession of said property when it deems itself insecure, even before the maturity of this note. . . . .

"In case this property shall be taken back, Miller-Cahoon Company may sell the same at public or private sale, without notice, and apply the proceeds on this note; or they may, without sale, endorse the reasonable value of the property on this note, and I, we, or either of us agree to pay any balance due thereon after such indorsement, as damages and for the use of said property."

Appellants defaulted in the payment of a portion of the indebtedness and respondent repossessed the plow, sold it at public auction, applied the proceeds of the sale upon the note and commenced this action to recover the sum due according to the terms of the contract. The trial resulted in a verdict and judgment in favor of respondent, from which this appeal is prosecuted.

Upon filing its complaint respondent procured to be issued a writ of attachment which was levied upon property belonging to appellants. They moved to vacate and dissolve the writ, upon the ground that the affidavit to procure its issuance was insufficient, and the action of the court in not sustaining their motion is assigned as error. The transcript does not contain an order disposing of the motion, nor a notice of appeal from the action of the court in that particular. Rev. Codes, sec. 4824, provides: "Upon an appeal from a judgment, the court may review the verdict or decision and any intermediate order or decision, if excepted to, which involves the merits or necessarily affects the judgment, except a decision or order from which an appeal might have been taken." Rev. Codes, sec. 4807, expressly provides for an appeal from an order dissolving, or refusing to dissolve, an attachment.

The action of the court, if any was taken, upon appellants' motion to vacate and dissolve the writ of attachment is not before us for review.

The principal question here presented is as to respondent's right to repossess the property, sell it, apply the proceeds upon the indebtedness and sue for the balance remaining unpaid according to the terms of the conditional sale contract.

Where, as in this case, possession of goods is delivered by a vendor to a purchaser under an agreement that there is no conveyance of title, but that the ownership of the goods is to remain in the vendor until payment of the purchase price, the transaction is a conditional sale. (35 Cyc. 659; *Keane v. Kibble*, 28 Ida. 274, 154 Pac. 972.)

Appellants contend, and cite many authorities in support of their contention, that upon their failure to pay the purchase price of the property according to the terms of the

promissory note incorporated in the conditional sale contract, respondent had an election of two remedies: 1. It could sue to recover the unpaid portion of the purchase price, and thus affirm and complete the contract of sale; or, 2. It could repudiate and disaffirm the contract and repossess the property; that both of these remedies were not open to it, and by having elected to retake the property it lost the right to compel payment of the balance due according to the terms of the contract.

There is considerable conflict of authority upon this point, much of which is more apparent than real because of the differing conditions of contracts construed, and we will not undertake to here analyze the decisions, but will say that if the contract here sued upon had contained a condition to the effect that after repossessing the property the vendor might sue for and recover any unpaid balance of the purchase price, instead of the condition above quoted to the effect that after the proceeds of a resale of the property were applied upon the indebtedness the purchasers were to pay any balance due thereon as damages and for the use of the property, the judgment here appealed from might have been subject to the criticism urged against it. In the one case, it might be urged, the indebtedness mentioned in the judgment would be without consideration, in the other, the case at bar, the use of the property and the damage to it constitute the consideration for the indebtedness.

In case of *Harkness v. Russell*, 118 U. S. 663, 7 Sup. Ct. 51, 30 L. ed. 285, the supreme court of the United States had occasion to construe an Idaho contract similar in its provisions to the one here under consideration. Quoting and commenting upon the contract involved in that case Mr. Justice Bradley, delivering the opinion of the court, said: " 'The express condition of this transaction is such that the title . . . . does not pass . . . . until this note and interest shall have been paid in full.' If the vendee should fail in this, or if the vendors should deem themselves insecure before the maturity of the notes, the latter were authorized to repossess themselves of the machinery, and credit the then value of it,

or the proceeds of it if they should sell it, upon the unpaid notes.  If this did not pay the notes, the balance was still to be paid by the makers by way of 'damage and rental for said machinery.'  This stipulation was strictly in accordance with the rule of damages in such cases.  Upon an agreement to sell, if the purchaser fails to execute his contract, the true measure of damages for its breach is the difference between the price of the goods agreed on and their value at the time of the breach or trial, which may fairly be stipulated to be the price they bring on a resale.''

We adopt the foregoing as a correct statement of the law applicable to this case, and hold the provision in the contract whereby appellants obligated themselves to pay a sum of money, to be ascertained as therein stated, as damages and for the use of the property in case it was repossessed by respondent because of default in payment of the purchase price, to be valid and binding.   (See *McCormick Harvesting Machine Co. v. Koch et al.*, 8 Okl. 374, 58 Pac. 626.)

In view of this conclusion we do not deem a further discussion of the points presented by the assignment of errors to be necessary.  The judgment appealed from is affirmed. Costs are awarded to respondent.

Budge, C. J., and Rice, J., concur.

Petition for rehearing denied.