(November 25, 1919.)

## G. G. WRIGHT, Respondent, v. W. H. HORTON and HARRY HORTON, Appellants.

[185 Pac. 555.]

CONTRACTS—NEGOTIABLE INSTRUMENTS—CONDITIONAL SALES.

1. A conditional sale contract wherein it is provided that the vendor of personal property retains title until the purchase price is paid and, should he deem himself insecure, may declare the debt due before maturity, repossess and sell the property, and apply the proceeds on the debt, or, without sale, indorse the reasonable value thereof on the contract, is non-negotiable.

[As to what is negotiable note, see note in **Ann. Cas.** 1912A, 4.]

2. Where, pursuant to such a contract, the property is repossessed and sold for sufficient to pay the debt, or repossessed and not sold, and the reasonable value thereof is found to be sufficient to pay the debt, the obligation of the maker is discharged.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County.   Hon. F. J. Cowen, Judge.

Action on conditional sale contract.   Judgment for plaintiff.   *Reversed.*

John W. Jones and J. H. Andersen, for Appellants.

The note upon which this action is brought is non-negotiable. (*Kimpton v. Studebaker Bros. Co.*, 14 Ida. 552, 125 Am. St. 185, 14 Ann. Cas. 1126, 94 Pac. 1039.)

In a case of this character there is no sale of the property, but only an agreement for sale. (*Pease v. Teller Corporation,* 22 Ida. 807, 128 Pac. 981.)

After retaking or recovering the property under a contract of this kind for a default of the buyer, the seller cannot thereafter maintain an action to recover a balance due on the purchase price, or on notes given therefor. When the property is retaken by the seller, no further rights exist under the contract against the purchaser. (*Poirier Mfg. Co. v. Kitts,* 18 N. D. 556, 120 N. W. 558; *Minneapolis Harvester Works v. Hally,* 27 Minn. 495, 8 N. W. 597; *Aultman & Co. v. Olson,* 43 Minn. 409, 45 N. W. 852; *Keystone Mfg. Co. v. Cassellius,* 74 Minn. 115, 76 N. W. 1028; *Alden v. W. J. Dyer & Bro.,* 92 Minn. 134, 99 N. W. 784; *Nelson v. International Harvester Co.,* 117 Minn. 298, 135 N. W. 808; *C. W. Raymond Co. v. Kahn,* 124 Minn. 426, 145 N. W. 164, 51 L. R. A., N. S., 251; *Pacific Carbonator Co. v. Haydes & Sons,* 26 Cal. App. 607, 147 Pac. 988; *Turk v. Carnahan,* 25 Ind. App. 125, 81 Am. St. 85, 57 N. E. 729.)

Hansbrough & Gagon, for Respondent.

Whenever a series of notes have been given for the same property, all in the same form, retaining title to the property in the seller, an indorsement and transfer of one or more of said notes by the seller transfers title to the purchaser. (*Dilley et al. v. Freedman,* 25 Tex. Civ. 39, 60 S. W. 448; *Douglass v. Blount,* 22 Tex. Civ. 493, 55 S. W. 526, and authorities there cited.)

MORGAN, C. J.—The facts of this case necessary to an understanding of the question of law decided are that W. H. Horton purchased an automobile from Carl Snodgrass and in part payment therefor executed and delivered to him two conditional sale contracts incorporated in one of which was a promissory note for $300 and in the other a like note for $900. His wife, Hattie Horton, was a joint maker of the contracts and the one containing the $900 note was, some time after its delivery, indorsed by their sons, C. W. Horton and

Harry Horton.    Two of the conditions of these contracts were:
Snodgrass retained title in the automobile until the notes
were paid; he might declare the notes due and repossess the
property, even before maturity of the debt, should he deem
himself insecure.    Each of the contracts contained the follow-
ing provision:

"In case this property shall be taken back, Carl Snodgrass
may sell the same at public or private sale without notice,
and apply the proceeds on this note; or they may, without sale,
indorse the reasonable value of the property on this note, and
I, we, or either of us, agree to pay any balance due thereon
after such indorsement, as damages and for the use of said
property."

Snodgrass sold and assigned the contract containing the
$900 note to respondent, and thereafter repossessed the auto-
mobile and indorsed, as its value, $250 on the contract con-
taining the $300 note.    Respondent commenced this action to
recover according to the terms of the promissory note incor-
porated in his contract.    Snodgrass failed to appear and his
default was entered.    The trial court awarded judgment in
favor of respondent against W. H. Horton, Harry Horton
and Snodgrass, and dismissed the action as against Hattie
Horton, who, as above stated, was a married woman, and C. W.
Horton, who was a minor.    W. H. Horton and Harry Horton
have appealed from the judgment.

The trial court found that Snodgrass repossessed the auto-
mobile and, without any attempt to sell it, "pretended to give
credit on said $300 note for said automobile so repossessed,
and the court finds that the said defendant Carl Snodgrass
credited on said $300 note the sum of $250 as the value of
said automobile; and the court finds that the value of said
automobile was then $1,246; and the court finds that after
said indorsement was made upon said note the said defendant
Carl Snodgrass retained said automobile and appropriated the
same to his own use, all of which was done without the knowl-
edge or consent of the defendants except the defendant Carl
Snodgrass."    As a conclusion of law the court decided that
respondent was entitled to a judgment against appellants and

Snodgrass in the amount of principal and interest provided for in this contract, together with attorney's fees. The evidence justifies the finding of facts above quoted, but the conclusion of law is erroneous.

The contract sued on is non-negotiable (C. S., sec. 5868; *Kimpton v. Studebaker Bros. Co.,* 14 Ida. 552, 125 Am. St. 185, 14 Ann. Cas. 1126, 94 Pac. 1039), and the liability of the makers is to be found in its terms and cannot be enlarged by the acts of others, without any act or agreement on their part. Respondent purchased with notice that he was not buying an unqualified promise to pay money and, as against appellants, he stands in no better position than does Snodgrass. Each of them was the owner of a contract which gave him an interest in the automobile and the right to take possession of it in case his debt owing from appellants was not paid. (*Atkinson v. Japink,* 186 Mich. 335, 152 N. W. 1079.) Each of these contracts might be satisfied, in whole or in part, by the recaption and sale of the automobile or, in case it was retaken and not sold, by applying its reasonable value toward the payment of the debt. The property was retaken and not sold and its reasonable value, as found by the trial court, was sufficient to more than pay the debt so that, according to the terms of the contracts, nothing remains to be paid by appellants upon either of them.

The judgment is reversed, with direction to the trial court to amend the conclusions of law to conform to the views herein expressed, and to enter judgment for appellants as prayed for in their answer. Costs are awarded to appellants.

Rice, J., concurs.

Budge, J., sat at the hearing in this case, but took no part in the decision.