(December 24, 1919.)

THE BERLIN MACHINE WORKS, a Corporation, Appellant, v. THE DEHLBOM LUMBER COMPANY, a Corporation, Respondent.

[186 Pac. 513.]

CONTINUANCE—CONDITIONAL SALE CONTRACTS.

1. An order granting or denying a continuance will not be disturbed on appeal in the absence of a showing of abuse of discretion, and, where there is no evidence of a diligent effort to procure the attendance of a witness, refusal to grant a continuance, because his presence at the trial cannot be procured, is not an abuse of discretion.

2. Conditional sales, like other contracts, are to be construed according to the intent of the parties, as disclosed by the terms employed when they are not ambiguous.

APPEAL from the District Court of the Eighth Judicial District, for Boundary County. Hon. R. N. Dunn, Judge.

Action of replevin. Judgment for plaintiff against defendant for the return of property and, if return thereof

cannot be had, for $700, and for defendant against plaintiff for the return of certain promissory notes and for $662.62. From an order denying a new trial, plaintiff appeals.   Judgment modified and order affirmed.

Allen P. Asher, for Appellant.

The plaintiff contends that under this contract it has the right to the possession of the resaw without rescinding or canceling the contract, not only for its own protection but also for the protection of the defendant. (*Tufts v. D'Arcambal,* 85 Mich. 185, 24 Am. St. 79, 48 N. W. 497, 12 L. R. A. 446; *Latham v. Sumner,* 89 Ill. 233, 31 Am. Rep. 79; *Dodge v. Carter,* 140 Cal. 663, 74 Pac. 292; 1 Mechem on Sales, p. 510.)

G. H. Martin, for Respondent.

The court committed error in giving the plaintiff judgment for the possession of the resaw without imposing upon it judgment for the return of the purchase money paid less the cost of returning the resaw to Beloit, Wisconsin. (*Latham v. Sumner,* 89 Ill. 233, 31 Am. Rep. 79; *Mark Means Transfer Co. v. MacKinzie,* 9 Ida. 165, 174, 73 Pac. 135; *Peasley v. Noble,* 17 Ida. 686, 134 Am. St. 270, 107 Pac. 402, 27 L. R. A., N. S., 216; *Pease v. Teller Corporation,* 22 Ida. 807, 128 Pac. 981; *Seanor v. McLaughlin,* 165 Pa. St. 150, 30 Atl. 717, 718, 32 L. R. A. 467; *Manson v. Dayton,* 153 Fed. 258, 82 C. C. A. 588; *Preston v. Whitney,* 23 Mich. 260; *Perkins v. Grobben,* 116 Mich. 172, 72 Am. St. 512, 74 N. W. 469, 39 L. R. A. 815; *Heine Piano Co. v. Crepin,* 142 Cal. 609, 76 Pac. 493; *Richardson v. Great Western Mfg. Co.,* 3 Kan. App. 445, 43 Pac. 809; *Shafer v. Russell,* 28 Utah, 444, 79 Pac. 559; *Latham v. Davis,* 44 Fed. 862; *Gennelle v. Boulais,* 48 Wash. 310, 93 Pac. 421; *American Soda Fountain Co. v. Dean Drug Co.,* 136 Iowa, 312, 111 N. W. 534.)

A conditional sale vendor, when he elects to recover the property, cannot also recover the unpaid purchase price. The remedies are inconsistent and the election to take the

property is an abandonment of the right to sue for the purchase price of the property. (*Pease v. Teller, supra; Peasley v. Noble, supra.*) The appellant, upon rescinding, must put the respondent *in statu quo.* (35 Cyc. 144; Black on Rescission, secs. 316, 617.)

MORGAN, C. J.—This cause has been heretofore considered by the court and a decision remanding it with direction to make additional findings and to enter judgment in accordance therewith is reported in 29 Ida. 494, 160 Pac. 746. Pursuant to that direction the trial court found, in addition to the findings of fact theretofore made, that respondent had, prior to March 1, 1910, paid $650 to appellant on the purchase price of the resaw, mentioned in our former opinion, and had, at the time of making the contract for the purchase thereof, executed and delivered to appellant three promissory notes; that appellant has never offered to repay the money, or any part thereof, nor to return the notes, or either of them, and that by the terms of the conditional sale contract, discussed in our former opinion, it was its duty, on rescinding the same, to return the notes and repay the purchase money, less the expense of returning the resaw to Beloit, Wisconsin, which expense the court found to be $200. As an additional conclusion of law the court found that respondent is entitled to have the notes delivered to it and to have judgment against appellant in the sum of $450, together with interest thereon. Judgment was entered in favor of appellant for the possession of the resaw, and, in case delivery thereof cannot be had, for $1,350, its value, less $650; that respondent have possession of the notes and judgment against appellant for $450 principal and $212.62 interest. Appellant moved for a new trial and has appealed from an order denying its motion.

Appellant moved for a postponement of the trial and in support thereof presented the affidavit of its manager to the effect that on the evening of November 18, 1914, while in Boise, he received a telegram from his attorneys advising him of the setting of the case for trial on the 21st of that month;

that he at once notified E. T. McDonald, by telegraph, at Vancouver, B. C., of the time and place of the trial and urged him to be present, and was thereafter informed by him, by wire, that he could not arrange his affairs so as to be present on such short notice. The affidavit further discloses that arrangements had theretofore been made with McDonald, who was the agent of appellant at the time the resaw in question was sold and who negotiated the sale, to attend the trial and testify.

Respondent contends that the facts set forth in the affidavit to which it is alleged McDonald would testify, if present, are insufficient to have justified the court in granting the continuance because they relate to breach of warranty and there is no such issue in the case. The contention appears to be well founded, and would probably be sustained if the showing for continuance was otherwise sufficient. It is fatally defective in that it fails to establish diligence on the part of appellant in the effort to procure the attendance of the witness. No reason is advanced why its attorneys did not notify affiant of the date of the trial in time to give him opportunity to produce McDonald thereat.

An order granting or denying a continuance will not be disturbed on appeal in the absence of a showing of abuse of discretion. (*Rankin v. Caldwell,* 15 Ida. 625, 99 Pac. 108.) Where there is no evidence of a diligent effort to procure the attendance of a witness, refusal to grant a continuance, because his presence at the trial cannot be procured, is not an abuse of discretion. (*Walsh v. Winston Bros. Co.,* 18 Ida. 768, 111 Pac. 1090; *De Puy v. Peebles,* 24 Ida. 550, 135 Pac. 264; *Corey v. Blackwell Lumber Co.,* 27 Ida. 460, 149 Pac. 510.)

Appellant asked leave to amend its complaint and to allege that the purchase price of the resaw was $1,350, which respondent promised to pay; that no part thereof had been paid, except $650, and that the balance, $700, together with interest thereon, was due and owing. It sought judgment as prayed for in its original complaint and asked that, if such relief be not allowed, it have judgment against respondent

for the amount remaining unpaid on the purchase price of the resaw, together with interest thereon, and that such judgment be decreed to be a prior lien upon the property in question. The request for leave to amend was denied.

The conditional sale contract provided that title to the resaw should remain in appellant and, for respondent's failure to pay the purchase price as in the contract stated, appellant might retake possession thereof. This is an action of replevin, and, in order to commence and maintain it, appellant must have exercised its option to rescind the sale and to repossess the property. The cause of action stated in the proposed amendment was defeated by that election and the amendment was properly rejected.

The contract does not provide for a forfeiture of payments made, nor does it obligate respondent to pay for the use of the machine, or for damages which may have occurred to it, in the event of its being repossessed by appellant. Conditional sales, like other contracts, are to be construed according to the intent of the parties, as disclosed by the terms employed when they are not ambiguous. (*Miller-Cahoon Co. v. Lawrence,* 31 Ida. 704, 176 Pac. 774.) There is no ambiguity in the contract here under consideration. It allowed appellant to sue to recover the purchase price or to retake the property. It does not provide for both remedies. Having elected to repossess the machine, the sale was rescinded and, since there is no provision in the contract to the contrary, appellant must, if delivery of the property can be had, return the notes and refund the money paid as part of the purchase price.

There is no error in the judgment. Respondent can recover a money judgment only in case possession of the property can be had by appellant. If possession cannot be had, appellant should have judgment against respondent for $700, the unpaid balance on the value of the property. If possession can be had, respondent should have judgment against appellant for $662.62, being the amount paid upon the purchase price of the resaw, less the cost of returning it to Beloit, Wisconsin, together with interest.

The cause is remanded, with instructions to the trial court to modify the judgment as herein indicated.   The order appealed from is affirmed.   Each party to pay its own costs on appeal.

Rice and Budge, JJ., concur.