(December 11, 1920.)

## L. O. NAYLOR, Respondent, v. A. H. SIMMONS, Appellant.

[194 Pac. 94.]

INTOXICATING LIQUOR—FORFEITURE OF AUTOMOBILE USED IN TRANSPORTATION—CONDITIONAL SALE CONTRACTS.

　　1. The unlawful use of an automobile, without the knowledge of its owner, to transport intoxicating liquor does not forfeit his right to claim and recover possession of it, nor render it subject to confiscation.

　　2. Conditional sales, like other contracts, are to be construed according to the intent of the parties as disclosed by the terms employed when they are not ambiguous.

APPEAL from the District Court· of the Sixth Judicial District, for Bingham County.  Hon. F. J. Cowen, Judge.

Action in replevin.  Judgment for plaintiff.  *Affirmed.*

T. A. Walters, Former Attorney General, J. P. Pope, Assistant, R. L. Black, Attorney General, and Ralph W. Adair, for Appellant.

The word "owner" as applied to personal property is defined to be the person who has the possession and control of a chattel; the person in control of a vehicle, either mediately or immediately, and not the literal and technical owner.  (29 Cyc. 1550, note 28; *Keith v. Maguire,* 170 Mass. 210, 48 N. E. 1090; *Hornbein v. Blanchard,* 4 Colo. App. 92, 35 Pac. 187; *Camp v. Rogers,* 44 Conn. 291; *Hartford v. Brady,* 114 Mass. 466, 19 Am. Rep. 377.)

The word "owner" is often used to designate a person having an interest in property under a special title.  (*Wisconsin River Log Driving Assn. v. D. M. Comstock Lumber Co.,* 72 Wis. 464, 40 N. W. 147, 1 L. R. A. 717; *Carey Lombard Lumber Co. v. Bierbauer,* 76 Minn. 434, 79 N. W. 541; *Dow v. Gould & Curry Silver Min. Co.,* 31 Cal. 629.)

Under a conditional sale contract the buyer is ordinarily vested with all the incidents of ownership except the title, and the risk of loss is borne by the buyer.  (35 Cyc. 671; Cent. Digest, title "Sales," No. 1362.)

Interest of Muir in the automobile seized by the sheriff at least was subject to confiscation and sale, even though the entire property was not forfeited under the statute.  (*United States v. Two Gallons of Whiskey,* 213 Fed. 986; *Borland v. Dean,* 3 Fed. Cas. No. 1660, 4 Mason, 174.)

Holden & Holden, for Respondent, cite no authorities on points decided.

MORGAN, C. J.—This case was submitted to the district court on stipulated facts to the effect that respondent entered into a conditional sale contract, in writing, with

Ben Muir to sell an automobile for $750; that possession thereof was delivered to Muir, but in the contract it was agreed the title to, ownership, and right to possession of it were to remain in respondent until the purchase price should be paid in full; that Muir rented the automobile to M. B. Sullivan for the purpose of transporting whisky from Wapello to Blackfoot and while engaged in making that use of it the latter was arrested, and thereafter such proceedings were had that a judgment of conviction was entered against him of the crime of "unlawful possession of intoxicating liquor"; that respondent had no knowledge or information that either Muir or Sullivan intended to, or would, commit the crime of which the latter was convicted, and that the automobile has never been used with his knowledge or consent for the purpose of transporting intoxicating liquor in violation of the laws of Idaho; that appellant was sheriff of Bingham county, and as such seized and, at the time of the trial, held the automobile pursuant to the act of the legislature approved March 15, 1917; that on and ever since the date of its seizure there was due from Muir to respondent, and unpaid on the purchase price of the automobile, the sum of $653.75, with interest thereon as provided in the conditional sale contract; that on the date of the seizure of the automobile Muir had not defaulted in the performance of any of the terms or conditions of the contract, but it appears that on the date of the commencement of the action he was in default in the payment of certain instalments of the purchase price.

It is provided in the contract: "If any of my or our indebtedness shall become due and remain unpaid in whole or in part, . . . . the full amount unpaid thereunder, including any notes given, shall become due and payable forthwith, and you or your assigns may, without any previous notice or demand of performance, and without legal process enter any premises where said property may be found and take possession thereof, after which you may, at your option, make such disposition of said property as you shall deem fit, and all payments made by me or us

shall be retained by you as liquidated damages for the use and rent of said property while in my or our possession and not as a penalty, or said property may be sold with or without notice either at public or private sale and the proceeds, less the expense of taking, removing, holding and selling said property, shall be credited upon the amount unpaid hereunder; or without such sale there may be credited upon the amount unpaid the fair market value of said property at the time of repossessing the same, and in either event, in consideration of the use and depreciation of said property, I or we promise and agree to pay the balance forthwith. . . . . ''

Judgment was entered awarding possession of the automobile to plaintiff, from which defendant appealed.

The portion of the act of March 15, 1917, referred to in the stipulation, and relied on by appellant, is now C. S., sec. 2646, which provides:

"Any . . . . automobile . . . . used within the state of Idaho with the knowledge of the owner or owners thereof for the purpose of transporting intoxicating liquor in violation of any of the provisions of the laws of Idaho relative to intoxicating liquors shall, upon the arrest of any person found using the same in the manner hereinbefore described, be seized by the officer making the arrest, and upon the conviction of any such person or persons the same shall be declared confiscated by the sheriff of the county in which such conviction is had, and upon the final determination of the case shall be sold by the sheriff at public sale to the highest bidder."

The language of the law limits its operation to property used *"with the knowledge of the owner or owners thereof."* It follows that the unlawful use of an automobile, without the knowledge of its owner, to transport intoxicating liquor does not forfeit his right to claim and recover possession of it, nor render it subject to confiscation. (*State v. Davis* (Utah), 184 Pac. 161; *Hoover v. People* (Colo.), 187 Pac. 531; *One Hudson Super-Six Automobile v. State*, 77 Okl.

130, 187 Pac. 806; *Boles v. State,* 77 Okl. 310, 188 Pac. 681.)·

Appellant insists that even if the interest of respondent was not subject to forfeiture, that of Muir was, and the trial court was in error in its failure to so decide. This question cannot arise in this case because this action is replevin, wherein the right to possession of the automobile is alone in issue, and, at the time of its commencement, Muir was in default in his payments, and the right to retake possession of the property had accrued to respondent.

In the conditional sale contract the ownership of the automobile was reserved in respondent. It never passed to Muir, and the conditions of the agreement not having been conformed to by the latter, the former had a right to take possession of it wherever it might be found. Conditional sales, like other contracts, are to be construed according to the intent of the parties as disclosed by the terms employed, when they are not ambiguous. (*Pease v. Teller Corporation,* 22 Ida. 807, 128 Pac. 981; *Miller-Cahoon Co. v. Lawrence,* 31 Ida. 704, 176 Pac. 704; *Wright v. Horton,* 32 Ida. 516, 185 Pac. 555; *Berlin Machine Works v. Dehlbom Lumber Co.,* 32 Ida. 566, 186 Pac. 513.)

The judgment is affirmed. Costs are awarded to respondent.