(No. 4832. September 30, 1927.)

In the Matter of the Estate of JOHN J. O'BRIEN, Deceased. ELLEN DEMPSEY and JOHN BRIEN, Appellants, v. MARY KIERNAN, Respondent.

[262 Pac. 152.]

HEIRSHIP—COURTS—JURISDICTION OF DISTRICT COURT—JUDGMENT—APPLICATION FOR CONTINUANCE—APPEAL AND ERROR—ADMISSION OF EVIDENCE — HEARSAY TESTIMONY — REVERSAL OF JUDGMENT NOT WARRANTED—TRIAL—INSTRUCTIONS.

1. District court on appeal from probate court in probate matters, governed by C. S., sec. 7176, prescribing the steps to be taken by appellant, and by section 7182, providing for transmittal of certified copy of record by clerk of probate court to clerk of district court, held to have jurisdiction, on appeal being properly perfected by appellant, though the clerk failed to do his duty.

2. Judgment of district court on appeal from probate, making determination of the question of heirship contrary to that of

Points Decided.

the probate court, and remanding it to probate court for execution in accordance therewith, *held* in proper form.

3. There was no abuse of discretion in denying application for continuance till receipt of depositions, which were being taken; the evidence being merely cumulative, and a showing of due diligence required by C. S., sec. 6840, not being made.

4. Any error in admitting will is, under C. S., sec. 6728, not ground for reversal; it not appearing to have been harmful to one party or to have aided the other.

5. Refusal to admit, on plaintiff's offer, affidavits referred to by defendant on cross-examination of plaintiff's witnesses, by question asking merely where they obtained the information forming the basis of the affidavits, without making reference to their contents, cannot be held error on the theory that the jury may have gained the impression that the witnesses may have made contradictory statements in the affidavits; the reverse being the more probable, as, defendant having objected to their admission, the jury would be more apt to think defendant wanted to keep them from the record because they would have been beneficial to plaintiffs and harmful to defendant.

6. Plaintiffs not denying that defendant was an heir of intestate, but merely claiming that they also were heirs, testimony of the administrator as to a conversation with a third person, in which he gained information of defendant, was not prejudicial.

7. Any error in admitting conversation does not warrant reversal of judgment for defendant, where it does not seem possible that it could have had any influence in disproving plaintiff's claim of relationship, the only matter in dispute.

8. It being clearly shown that defendant was illiterate and unable to write, instruction given on her behalf, that it is not enough that an illiterate person is shown to have had an instrument read to her, but it must further be shown that she understood the instrument's contents before such writing claimed to have been signed by her is binding on her, *held* not error.

Publisher's Note.

3. See 6 R. C. L., Continuances, sec. 16.

See Appeal and Error, 4 C. J., sec. 2650, p. 728, n. 40; sec. 2952, p. 970, n. 57; sec. 2981, p. 999, n. 11; sec. 2986, p. 1004, n. 63; sec. 3201, p. 1172, n. 63.

Continuances, 13 C. J., sec. 67, p. 154, n. 1; sec. 71, p. 155, n. 31.

Courts, 15 C. J., sec. 443, p. 1024, n. 94, 2, 10.

Trial, 38 Cyc., p. 1749, n. 97.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. W. F. McNaughton, Judge.

Action to determine heirship. Judgment for respondent. *Affirmed.*

James F. Ailshie and Edward H. Berg, for Appellants.

The probate court is a court of exclusive original jurisdiction in matters of probate, and the district court can only acquire appellate jurisdiction in these matters by and through the prescribed appellate procedure for the purpose of trying anew the issue tried in the probate court, upon the same pleadings or papers and upon the same issues made in the court below. (*In re McVay Estate* (on rehearing), 14 Ida. 64, 93 Pac. 31; *Estate of Christensen,* 15 Ida. 692, 99 Pac. 829; *Fraser v. Davis,* 29 Ida. 70, 156 Pac. 913, 158 Pac. 233; *Kline v. Shoup,* 38 Ida. 202, 480, 220 Pac. 45.)

If the pleadings and files in a case tried in the probate court in a probate matter are not certified up to the district court on appeal, no appellate jurisdiction is acquired and there is nothing before the court to try and the appeal should be dismissed. (C. S., sec. 7182; *In the Matter of Paige,* 12 Ida. 410, 86 Pac. 273.)

A judgment rendered on an appeal to the district court in probate matters can only affirm, reverse or modify the judgment appealed from and should be certified back to the probate court for execution in accordance therewith. (*Fraser v. Davis, supra; In re McVay Estate, supra; Collins v. Lindsay,* 33 Ida. 230, 191 Pac. 357.)

The discretion vested in a trial court in granting or denying an application for a continuance or a new trial must not be exercised arbitrarily, but in a judicial manner. (*Herron v. Jury,* 1 Ida. 164; *Storer v. Heitfeld,* 17 Ida. 113, 105 Pac. 55.)

A new trial on the ground of newly discovered evidence should be granted if the new evidence is such as to render

a different verdict reasonably probable upon a retrial. (*State v. Lumpkin,* 31 Ida. 175, 169 Pac. 939; *McAllister v. Bardsley,* 37 Ida. 220, 215 Pac. 852.)

What purports to be a certified copy of a will admitted to probate in another state, bearing an attestation by the clerk and the seal of the court, is inadmissible as evidence in the courts of this state in the absence of a certificate of the chief judge or presiding magistrate that the attestation is in due form. (C. S., sec. 7949.)

After a witness has been cross-examined respecting an affidavit made by him, and not referred to in the direct examination, the party who called him has a right, on re-direct examination, to introduce the same in evidence even though it would have been inadmissible in the first instance. (*Idaho Placer Min. Co. v. Green,* 14 Ida. 249, 93 Pac. 954; *Douglas v. Douglas,* 4 Ida. 293, 38 Pac. 934; 1 Greenleaf on Evidence, 14th ed., pp. 567, 568; 14 Ency. of Evid., pp. 622–624, 629; *Wilkerson v. Eilers,* 114 Mo. 245, 21 S. W. 514.)

Reputation of certain facts of family history generally accepted in the neighborhood where the family has lived for generations may be received in evidence. (3 Wigmore on Evidence, p. 351.)

Respondent cannot testify to conversations between herself and a third party not had in the presence of the appellants. (*Whitman v. McComas,* 11 Ida. 564, 83 Pac. 604; *Hilbert v. Spokane International R. R. Co.,* 20 Ida. 54, 116 Pac. 1116.)

The burden of proving a state of facts which will overcome the force of the jurat or certificate is upon the party assailing it, whose unsupported testimony is insufficient. (*Bruce v. Frame,* 39 Ida. 29, 225 Pac. 1024, and cases cited; *Clegg v. Eustace,* 40 Ida. 651, 237 Pac. 438; *First Nat. Bank v. Commercial Union Assur. Co.,* 40 Ida. 236, 232 Pac. 899.)

One acknowledging the execution of an instrument to which his name is attached or written adopts such signature as his own. (*Clegg v. Eustace, supra; First National Bank*

of *Hailey v. Glenn*, 10 Ida. 244, 109 Am. St. 204, 77 Pac. 623.)

Ezra R. Whitla and W. B. McFarland, for Respondent.

No certificate or record on motion to dismiss from probate court was filed so it cannot be considered. (*Dudacek v. Vaught*, 28 Ida. 442, 154 Pac. 995; *Biwer v. Van Dorn*, 32 Ida. 213, 179 Pac. 953; *Talbot v. Collins*, 33 Ida. 169, 191 Pac. 354; *Spencer v. John*, 33 Ida. 717, 197 Pac. 827; *Muncey v. Security Ins. Co.*, 42 Ida. 782, 247 Pac. 785; *Kootenai County v. Hope Lumber Co.*, 13 Ida. 262, 89 Pac. 1054.)

Motion for continuance addressed to discretion of trial court. (*State v. Miles*, 43 Ida. 46, 248 Pac. 442; *Meservy v. Idaho Irr. Co.*, 37 Ida. 227, 217 Pac. 595; *Berlin Machine Works v. Dehlbom Lumber Co.*, 32 Ida. 566, 186 Pac. 513; *De Puy v. Peebles*, 24 Ida. 550, 135 Pac. 264.)

Diligence to discover and produce evidence must be shown on motion for new trial. (*Hall v. Jensen*, 14 Ida. 165, 93 Pac. 962; *Montgomery v. Gray*, 26 Ida. 585, 144 Pac. 646; *Stolz v. Scott*, 28 Ida. 417, 154 Pac. 982; *Amonson v. Stone*, 30 Ida. 656; *Haydon v. Branson*, 33 Ida. 368, 195 Pac. 545; *Caravelis v. Cacavas*, 38 Ida. 123, 220 Pac. 110.)

Depositions of appellants offered not admissible as appellants testify from neighborhood gossip. (*In re Heaton Estate*, 135 Cal. 385, 67 Pac. 321; *Estate of Hurlbert*, 68 Vt. 366, 35 Atl. 77, 35 L. R. A. 794; *Stein v. Bowman*, 38 U. S. 209, 10 L. ed. 129.) Where witness learns facts from others he must give names of parties from whom obtained before testimony is admissible. (*Nunn v. Mayes*, 9 Tex. Civ. App. 366, 30 S. W. 479.)

Where illiterate party denies writing, incumbent upon opposite party to show that illiterate person understood and assented to the writing. (*Selden v. Myers*, 20 How. (U. S.) 506, 15 L. ed. 976; *Spelts & Klosterman v. Ward*, 2 Neb. (Unof.) 177, 96 N. W. 56; *Green v. Wilkie*, 98 Iowa, 74, 60 Am. St. 184, 66 N. W. 1046, 36 L. R. A. 434; *Shores-Mueller Co. v. Lonning*, 159 Iowa, 95, 140 N. W. 197.)

Certified copy of will of Ann O'Brien not objected to on ground it was not properly certified so question cannot be raised here.    (3 C. J., pp. 756–759, pars. 639–641; *Falk v. Gast Lithograph & E. Co.*, 54 Fed. 890, 4 C. C. A. 648; *Long-Bell Lumber Co. v. Martin*, 11 Okl. 192, 66 Pac. 328; *Wells Fargo Co. v. Davis*, 105 N. Y. 670, 12 N. E. 42.)

GIVENS, J.—John J. O'Brien died intestate at Coeur d'Alene July 5, 1921, leaving an estate of approximately $25,000.    Claims of heirship were filed in the probate court by Mary Kiernan, John Brien and Ellen Dempsey (neé Brien.)    The probate court decided that they were first cousins of deceased and sole heirs at law and entitled to share equally in the estate and decreed that the estate be so distributed.    An appeal was taken to the district court and the jury decided that Mary Kiernan was the sole heir and entitled to all of the estate and this appeal was taken by John Brien and Ellen Dempsey.

[1] Appellants contend that the district court in hearing an appeal of this kind is strictly an appellate court and therefore has no jurisdiction until a certified copy of the record is before it.    It is maintained that the appellate procedure in such appeals is analogous to that governing appeals to this court and is controlled by C. S., sec. 7166. ·  Appellants further contend that if C. S., sec. 7182, and not C. S., sec. 7166, controls appeals of this kind, still the district court did not have jurisdiction because it did not have before it a certified copy of the record as required by C. S., sec. 7182.

It is the contention of the respondent that C. S., sec. 7182, is controlling.    She claims that by its provisions the duty of sending up the record is placed squarely on the clerk of the probate court and that if there has been any neglect in this respect, the respondent should not be penalized for the clerk's failure.

The district court in hearing probate appeals bears only the most superficial resemblance to an appellate court of last resort.    Historically there is no relationship.    The practice

of removing a cause from an inferior court to a superior court where trial is had *de novo* is unknown to the common law. (3 Woerner, The American Law of Administration, 3d ed., sec. 550.) The procedure of the two courts in hearing appeals differs radically. A court of last resort requires the record before it in order to take jurisdiction because its action is limited by the scope of the record. An intermediate appellate court, like our district court, hearing probate appeals is not limited in this way. It tries the case anew and no assignment of errors or bill of exceptions is required or permitted. (C. S., sec. 7178.) The second trial, it is true, must be on the same issues raised in the probate court but there is no showing of error in this respect.

Appeals of this kind are to be governed by C. S., secs. 7176 and 7182. Section 7176 prescribes the steps to be taken by the party appealing. Section 7182 provides for the transmittal to the clerk of the district court by the clerk of the probate court, if the appeal be on questions of fact, or both law and fact, of "a certified copy of his docket, the pleadings, all notices, motions and other papers filed in the cause, the notice of appeal and the undertaking filed."

Section 7182 refers to a civil appeal, and an appeal on a probate matter is not strictly a civil appeal. (*Shaw v. Shaw*, 28 S. D. 221, Ann. Cas. 1914B, 554, 133 N. W. 292.) There seems to be a hiatus in the statutes, there being no section in article 3, title 55, which deals with appeals from the probate court in probate matters, corresponding to sec. 7182 in article 4, title 55, dealing with appeals from the probate court in civil matters. But it is to be noted that secs. 7176–7178, inclusive, dealing with appeals in probate matters, were enacted long after the other sections in these two articles. Prior to their enactment, the only provisions governing appeals, both civil and probate, were to be found in sec. 7182. Consequently, if there is a gap in the article governing probate appeals, it must be assumed that the legislature intended the provisions of sec. 7182 to continue to apply, in so far as they were not superseded by secs. 7176–7178.

Section 7182 places squarely on the clerk of the probate court the duty of sending up the records, and the respondent (appellant below) is not to be penalized for the clerk's negligence in failing to do so. (*Bensley v. Haeberle,* 20 Mo. App. 648; *Haessly v. Thate,* 16 N. D. 403, 114 N. W. 311.) The jurisdiction of the district court depends on the proper perfection of the appeal by the party appealing and is not ousted by the failure of the lower court to do its duty.

The district court had jurisdiction and the motion to dismiss was properly denied.

Appellants claim that the respondent has no proper pleadings in the case upon which to base an issue. The issue of whether the appellants were related to the deceased and each entitled to one-third of the estate of the deceased or whether respondent was sole heir was sufficiently presented by the instruments, which, on the part of the respondent, were as adequate as those presented by the appellants.

[2] It is contended by appellants that the judgment entered in the district court was entered as a judgment of original jurisdiction and that the district court's only power was to reverse or affirm the judgment of the probate court, it being a court of original jurisdiction in probate matters, and to certify it back to the probate court for execution in accordance therewith. This was done:

"It is further ordered, adjudged and decreed that this cause be, and the same is hereby remanded to the Probate Court of Kootenai County, Idaho, and said court is hereby ordered and required to cause a supplemental final account of the said public administrator to be filed and upon the settlement and allowance of the same, to forthwith enter a decree distributing all of said estate, real, personal and mixed, to Mary Kiernan, as her sole and separate estate, and to otherwise comply with the terms and provisions of this judgment and decree."

[3] Appellants' application for a continuance until certain depositions then being taken in Ireland were received, the case having been theretofore set and continued and reset, was denied by the court. There was no sufficient

showing of diligence on the part of appellants; hence, no abuse of discretion in denying the application. (C. S., sec. 6840; *Meservy v. Idaho Irr. Co.*, 37 Ida. 227, 217 Pac. 595; *State v. Miles*, 43 Ida. 46, 248 Pac. 442; *Berlin Machine Works v. Dehlbom Lumber Co.*, 32 Ida. 566, 186 Pac. 513; *De Puy v. Peebles*, 24 Ida. 550, 135 Pac. 264.) The testimony contained in these depositions, presented as newly discovered evidence on which the motion was based, was merely cumulative and in some respects contradictory to the former testimony given. Furthermore there was no sufficient showing of diligence. We therefore would not be justified in concluding that there was any abuse of discretion in denying the motion. (*Montgomery v. Gray*, 26 Ida. 585, 144 Pac. 664; *Stolz v. Scott*, 28 Ida. 417, 154 Pac. 982; *Caravelis v. Cacavas*, 38 Ida. 123, 220 Pac. 110.)

[4] Exhibit "H," a purported copy of the will of Ann O'Brien, was admitted in evidence over appellants' objection, which action is urged as error. While the materiality of this exhibit does not appear and it was not properly identified nor certified, it also does not appear that its admission was harmful or prejudicial to appellants in any way, or on the other hand that it aided respondent, and therefore, if its admission was error, it was not reversible error. (C. S., sec. 6728; *Hard v. Spokane International Ry. Co.*, 41 Ida. 285, 238 Pac. 891.)

[5] Certain affidavits were referred to by respondent during the cross-examination of appellants and their witnesses. Appellants offered these affidavits in evidence, to which offer respondent's objection was sustained. No reference was made to the contents of these affidavits, the witnesses merely being asked where they secured the information which formed the basis of these affidavits. Appellants urge that the refusal to admit these affidavits was error because the jury may have gained the impression that they had made contradictory statements in these affidavits. The reverse, however, seems to be more probable. In other words, the respondent objecting to the affidavits after showing they had been made by appellants, the jury would have

44 Idaho—47

been more apt to think respondent did not want the affidavits in the record because they would have been beneficial to appellants and harmful to respondent. No inquiry was made as to the matter contained in the affidavits nor were any questions asked as to whether there were statements in the affidavits different from the testimony given at the trial.

[6] C. H. Potts, an attorney at Coeur d'Alene, had previously been appointed administrator of the estate and he was permitted over objection to detail a certain conversation that he had had with a Father Purcell at Idaho Falls when the witness was endeavoring to find out who were heirs of deceased. This testimony was hearsay but the conversation did not disclose any information which was prejudicial to the appellants, the gist of his testimony with regard to the conversation being that he gained information relative to Mrs. Kiernan, and since the appellants do not deny that Mrs. Kiernan is an heir and sustained the relation to the deceased she contends existed, there was no prejudice in the testimony.

[7] The admission of certain conversations between Mrs. Kiernan and one Platt, who was appointed by her as her attorney-in-fact, is assigned as error. A large part of the testimony complained of was not objected to and related merely to Mrs. Kiernan signing an affidavit before the American consul. What conversation was detailed was of such a rambling and incoherent nature that it does not seem possible that it could have had any influence in disproving appellants' claim of relationship, and the error in admitting such conversation, if any, was so slight and insignificant as not to warrant a reversal on that ground.

[8] Appellants' last assignment is the giving of the following instruction:

"You are instructed that it is not enough that an illiterate person is shown to have had an instrument or writing read to him or her, but it must further be shown by the evidence that such illiterate person understood the contents of the instrument before such writing claiming to have been signed by such illiterate person is binding on he or she."

In support of their contention that the same was erroneous appellants urge: *First National Bank v. Commercial Union A. Co.*, 40 Ida. 236, 232 Pac. 899, and *Clegg v. Eustace*, 40 Ida. 651, 237 Pac. 438. The true rule, however, applicable to this instruction, in view of it being clearly shown that Mrs. Kiernan was illiterate and unable to write, is contained in *Oatman v. Hampton*, 43 Ida. 675, 256 Pac. 529.

In the last analysis the conflicting claims rest on questions of fact solely for the jury and while we do not say that different conclusions might not have been reached, there is sufficient evidence, although sharply conflicting, to sustain the conclusion arrived at by the jury that the appellants were not related to the deceased.

The conclusion reached renders it unnecessary to consider respondent's motion to dismiss the appeal.

The judgment is therefore affirmed, with costs awarded to respondent.

Wm. E. Lee, C. J., and Budge, Taylor and T. Bailey Lee, JJ., concur.

Petition for rehearing denied.