### BYRD et al. v. McKOY et al.

No. 27241. June 28, 1938.

Roy H. Ball. Clay M. Roper. and John D. Chappelle, for plaintiff in error.

Denver N. Davison, Robert Wimbish, and Robert J. Wimbish, for defendant in error Z. K. McKoy.

W P. Z German, Alvin F. Molony, Wm. F. Pielsticker, and Robert M. Turpin, for defendant in error Skelly Oil Company.

L. H. Harrell and A. M. Kerr. for defendants in error H. L. Wirick, Fleetborn Oil Corporation, Sam S. Miller, M T. Townsend, R. W. Simpson, W. A. Delaney, Jr., B. C. King, and R. W. Simpson, Jr

WELCH, J. This suit was instituted in the district court of Pontotoc county by

210

Fleeta Lee Byrd, plaintiff, against Z. K. McKoy and several others, defendants. The suit was filed on the 10th day of October, 1934, seeking to cancel a certain deed executed in September, 1931, by Johnson Byrd, now deceased, to defendant Z. K. McKoy; and for cancellation of various conveyances oil and gas leases, and assignments, all based on said deed, and for rents and profits and an accounting Prior to the trial of the case Ruby Byrd intervened. The original deed under attack conveyed to McKoy an undivided one-fifth interest in 160 acres of land, which land was the homestead allotment of Emma Byrd Reed, a full blood Chickasaw Indian, the mother of Johnson Byrd, a full-blood Chickasaw Indian. The deed was approved by the judge of the county court having jurisdiction of the settlement of the estate of Emma Byrd Reed, who died in December, 1917. The plaintiff contends that the deed to defendant McKoy was void upon the following contentions of fact and law, viz.:

That the deed was obtained by fraud and for inadequate consideration; that Johnson Byrd was an habitual drunkard, and was intoxicated at the time he executed the deed, and was mentally incapable of such a business transaction; that the land in question was in fact the family homestead of Johnson Byrd and his wife, the plaintiff, and that the deed was not signed by the wife, and therefore as a matter of law was invalid as against the wife.

Upon the trial of the cause, judgment was rendered in favor of the defendants. On the appeal the plaintiff and intervener contend for reversal upon the grounds that the findings of fact are not supported by the evidence and are contrary to the clear weight of the evidence; and that reversible errors of law occurred at the trial.

The transaction was closed in the office of the county judge who checked into the matter and discussed it with the grantor and interrogated him about it. A few days before the deed was executed, the grantor discussed it with the county judge, and the United States probate attorney was also present and discussed it with the grantor and interrogated him about it. There was evidence from which the trial court might have concluded that the grantor's interest was worth some more than the consideration, but there was also evidence justifying the reasonableness of the consideration paid. It is a strong circumstance that both the county judge and the probate attorney deemed the consideration reasonably adequate There was evidence tending to show that Johnson Byrd was an habitual drunkard and had been drinking when he signed the deed, and there was evidence tending to show the contrary, but there was no evidence that he was intoxicated at the time the transaction was closed and the deed delivered in the presence of the county judge, or when he discussed the matter with the county judge and the probate attorney a day or two before the deed was executed and the transaction was closed. Upon the contrary, the evidence was that the grantor was sober at those times and thoroughly understood what he was doing, and desired to complete the transaction. There was evidence that the grantor was quite intelligent and possessed more than average business ability. It was shown that some years prior, the government had unconditionally removed his restrictions. In the light of those facts there was no evidence from which the trial court could have found that this deed was obtained by fraud, or that the grantor was mentally incompetent. The evidence fully justified the findings of the trial court in favor of the defendants upon these points.

As to the question of a family homestead, there was evidence that Johnson Byrd lived on the land as a youngster, and that some years prior to 1931 there was some declaration of intention to ultimately establish on this land a home by Johnson Byrd and his wife, the plaintiff. They at one time lived near this land, had or planned to have a truck garden on it, and thus perhaps occupied it for a brief period, but the evidence fell far short of any showing that would justify the conclusion that this land was impressed with the homestead character. It is significant to note that this husband and wife during practically all their married life lived at other places, in other cities and towns, and at two or three places in another state. On this point a further fact is important. The original allottee left surviving her as another of her heirs a daughter, Mary, who was born subsequent to March 4, 1906. Therefore this land, being the homestead allotment, remained inalienable during the life of this daughter, for the use and support of such daughter until April 26, 1931. This daughter lived beyond that date. That being true, it would be quite difficult, if not impossible, that this land could have become the homestead of Johnson Byrd and his wife at the times relied upon in this action. The plaintiff contends that she had

no information of this sale to McKoy until late in the year 1934, or about three years after the sale was made. If this fact has any particular significance, it seems that it would tend to contradict the fact that the land was her homestead. Suffice it to say, without further discussion of the evidence, that the record fully justifies the conclusion of the trial court that the land was not the family homestead of Johnson Byrd and his wife, the plaintiff.

The parties in their briefs do not agree upon the law as to whether, if this land was the family homestead, it was necessary for the wife to join in the execution of the deed, in view of the husband's inherited title and right to convey it. It is not necessary that we engage in an extensive discussion on the point, since the conclusion of the trial court upon the facts is fully justified by the evidence. We conclude that all of the findings of fact by the trial court are amply sustained by the evidence, and are not contrary to the clear weight of the evidence.

Plaintiff also raises a question as to the refusal of the court to admit certain evidence submitted by plaintiff as a witness in her own behalf. The evidence offered and rejected had to do with plaintiff's claims in the action that Johnson Byrd was an habitual drunkard and mentally incompetent and dealt with certain intentions and declarations prior to 1931 as to intentions to establish a homestead after the time when federal restrictions would expire and permit the property to be divided among the five heirs; and as to the skill of the grantee, McKoy, in real estate transactions and land values; and as to certain declarations and communications made to her by her husband, Johnson Byrd. Much of the testimony offered should have been rejected under section 271, O. S. 1931, which statute was specifically relied upon in the objection to the evidence. While some of the evidence offered and rejected might well have been received, that portion of the rejected evidence touched upon points presented by more than one other witness, and no such evidential points could be said to be of controlling importance. From a review of the record and detailed examination of the offer of this evidence, which was dictated into the record at length, we are satisfied that the error in this regard, if any, was wholly without harm or prejudice. It is the general rule, well settled by many decisions, that the exclusion of evidence which should have been admitted need not require a reversal of the judgment, unless it is shown, or appears, that a different result might have followed a consideration of the rejected evidence. We cannot always say just what effect a certain item of evidence might have upon the mind of the jury or the mind of the trial court. But in this case all the evidence is so conclusive upon the points that Johnson Byrd was not an incompetent, that fraud in the transaction was not shown at all, and that the family homestead character never attached to this land, that we feel justified and required to say in this case that the rejection of this offered testimony, in so far as erroneous, was wholly harmless to the plaintiff's cause, and we do not regard it as reasonably possible that the admission of the rejected evidence could have produced any other result.

We therefore find no substantial error prejudicing the rights of the plaintiff in any particular. The judgment of the trial court should be, and is hereby, affirmed.

BAYLESS, V. C J.. and RILEY, PHELPS, CORN, and GIBSON, JJ, concur. OSBORN, C. J., and HURST and DAVISON, JJ., absent.