241 P.2d 824

**FULGHAM v. GATFIELD.**

No. 7835.

Supreme Court of Idaho.

March 4, 1952.

Delana & Delana, Boise, and J. P. Reed, Emmett, for appellant.

Hawley & Marcus, Boise, and C. H. Higer, Emmett, for respondent.

TAYLOR, Justice.

In her complaint filed October 3, 1950, plaintiff (respondent) alleges that she is an unmarried female of the age of 20 years and that prior to the acts complained of she was a chaste and virtuous girl of good moral reputation and standing in her community; that on October 9, 1949, the defendant wilfully and unlawfully enticed and persuaded her to have illicit sexual intercourse with him; that for a long time prior thereto the plaintiff and defendant had been keeping company with each other; that defendant had professed great love and affection for her and promised many times to make her his wife; that she was in love with the defendant and believed that her love was returned and that the defendant would marry her; that immediately prior to the seduction on October 9th the defendant importuned plaintiff and de-

manded that she have sexual intercourse with him, and professed great love and devotion for her and represented that he would marry her within a very short time; that because of her love and defendant's urgent importunities and her belief in his promises she consented to such intercourse; that immediately after the seduction the defendant deserted plaintiff and refused to see her or to marry her; that as a result of the seduction she became sick and pregnant with child and was delivered of a male child on June 27, 1950; that she had been taking a nurses' training course, which, because of her seduction, she was unable to continue; that she suffered physical and mental pain and extreme shame, degradation and humiliation, and her fair name and reputation have been injured, and she has lost her standing in society. Her prayer is for damages to cover medical expenses, $194, loss of her opportunity to follow the nursing profession, $4,800, for general and exemplary damages, $50,000.

The defendant's answer denies all of the allegations of complaint except the birth of the child, and denies that the plaintiff was a chaste girl on October 9, 1949, and alleges that at that time and long prior thereto the plaintiff was not and had not been a chaste or virtuous girl.

The cause was tried to a jury on March 29 and 30, 1951. Judgment was entered on the jury's verdict for $6,000.

The defendant (appellant) assigns the insufficiency of the evidence to sustain the judgment. The testimony of the plaintiff and the defendant, of course, is in direct conflict. The defendant is corroborated by one Manny Newell, a friend of the defendant who was employed by the defendant and his father on their farm where he lived with the family. His alibi is further corroborated by his sister and his wife to whom he became engaged November 9, 1949. Plaintiff's story as to what occurred on the evening of October 9th is not directly corroborated by any witness. However, the defendant testified that he had been keeping company with the plaintiff during different periods of time, beginning early in December, 1947. He confessed the crime of rape by testifying that he had sexual intercourse with her the first time he took her out on December 5 or 6, 1947, she being at that time 17 years of age and incapable, under the law, of giving her consent. He further testified (apparently without reluctance and rather magniloquently) to many different subsequent times and places when and where he had sexual intercourse with the plaintiff and volunteered the statement, "We had it so many times I can't recall." Plaintiff denied any such previous illicit relations. The baby, then nine months old, was exhibited to the jury, without objection, for a comparison of similarity with the defendant.

The defense offered evidence to the effect that the plaintiff had been seen in the

company of one Bill Jones on two occasions during this period of courtship between the parties. One occasion in Jones' car on the highway and the other on a motorcycle with Jones. As to both of these occasions the plaintiff testified that Jones, a friend of the defendant, was taking her to see the defendant, and on the one occasion the defendant acknowledges that he did meet them.

■ There is thus presented a direct conflict in the evidence. The jurors observed the witnesses and it was for them to determine whom they would or would not believe, and to resolve the conflict as to the seduction charged. The evidence sustaining their finding for the plaintiff is ample and substantial. Therefore, the verdict will not be disturbed.

■ Appellant assigns the ruling of the court excluding from evidence the fragments of a letter written by the plaintiff and received by the defendant sometime late in October or early November, 1949. She had testified that she had written letters to the defendant telling that she was pregnant and begging him to come to her. The parts of the letter present are badly mutilated, the defendant's explanation being that he left it in the pocket of his trousers and that his mother put the trousers containing the letter through the wash. It contains two statements which the defendant regards as admissions against the plaintiff and as corroborative of his story: "Bill told me you always had ———

Lola best." and "then the last time I saw you, you practically shoved me off on Bill." The "Bill" referred to being Bill Jones, defendant's friend, whom defendant claims plaintiff was keeping company with, and that he was with her on the evening of October 9th, the last time plaintiff saw defendant. The plaintiff admitted writing the letter, and apparently there is no claim of intentional spoliation, the objection being merely that it was incomplete. The rule is that such a writing should be sufficiently complete to reflect the ideas of the writer on matters material to the issues. Kamp v. Kamp, 36 Wyo. 310, 254 P. 689; Hanson v. Johnson, 143 Or. 532, 23 P.2d 333; 32 C.J.S., Evidence, § 704; 20 Am.Jur., Evidence, § 954. Although this letter strictly speaking could not comply with this requirement, since the plaintiff testified as to what she had written the defendant, it would have been proper for the court to admit these fragments on cross-examination. However, defense counsel extensively cross-examined the plaintiff upon these two statements contained in the letter. One she acknowledged writing and the other she said she may have written. From this it does not appear that the defendant was injured by the ruling of the court. Hence, there is no reversible error. McClain v. Lewiston Interstate, etc., Ass'n, 17 Idaho 63, 104 P. 1015, 25 L.R.A.,N.S., 691; In re Estate of O'Brien, 44 Idaho 729, 262 P. 152; Servel v. Corbett, 49 Idaho 536, 290 P. 200; Southern Pacific Co. v. Richey, 13 Ariz. 67, 108 P. 225; Martin v. New York

Life Ins. Co., 30 N.M. 400, 234 P. 673, 40 A.L.R. 406; Troup v. Hine, 120 Okl. 282, 251 P. 43; Byrd v. McKoy, 183 Okl. 209, 81 P.2d 315; Ballard v. Pacific Greyhound Lines, Cal.App., 163 P.2d 77; Lohsen v. Lawson, 106 Vt. 481, 174 A. 861, 95 A.L.R. 309; Cook v. C. I. T. Corp., 191 S.C. 440, 4 S.E.2d 801, 125 A.L.R. 306; 3 Am.Jur., Appeal and Error, §§ 1003, 1030, 1031.

While defendant was testifying as to his sexual connections with the plaintiff he related one occasion about January 15th (apparently 1948) when she told him she "thought she was in trouble." He began an explanation—"Had she been pregnant and told me—". Here he was interrupted by an objection which was sustained, the court indicating that he would be permitted to make an explanation on redirect. On redirect, his counsel asked, "You started to make a statement as to what you would have done at that time", to which the court again sustained an objection. The defendant assigns the refusal of the court to permit him to explain. It is clearly incompetent, irrelevant and immaterial what the defendant now thinks he would have done in January, 1948, had the plaintiff told him she was then pregnant.

Appellant complains of instruction No. 5, which is as follows: "You are instructed that seduction is defined as the act of inducing a woman of a previous chaste character to consent to unlawful sexual intercourse, brought about by enticement, persuasion or promise of marriage on the part of the person charged with the act."

The objection is that enticement or persuasion is not enough and that to constitute seduction there must be false promises, deception or misleading of the plaintiff. We think the definition given is sufficient. Landholm v. Webb, 69 Idaho 204, 205 P.2d 507; Patterson v. Hayden, 17 Or. 238, 21 P. 129, 3 L.R.A. 529; Opitz v. Hayden, 17 Wash.2d 347, 135 P.2d 819; 57 C.J., Seduction, §§ 1 and 6; 47 Am.Jur., Seduction, §§ 65, 66, 67, 68, 69 and 70.

Instruction No. 8 detailed the seductive acts relied upon and advised the jury if they found by a preponderance of the evidence that seduction was thus accomplished, it should find for the plaintiff.

Instruction No. 11 is as follows: "The plaintiff cannot recover in this action by reason of defendant's having sexual intercourse with her, nor by reason of any consequence of such intercourse, if the sexual intercourse between her and the defendant was with her consent, unless that consent was obtained by false promises, by some artifice or devise by which she was deceived and misled. If she consented, with or without persuasion, merely to gratify her own or the defendant's lust, or that of both of them, she cannot recover." Supplementing No. 5 as it does this instruction fully protects defendant's rights. We note parenthetically, it may be open to the criticism that it assumes as a fact the particular act of intercourse which

the defendant denies. However, it was given at his request and he does not, nor could he complain.

Appellant assigns Instruction No. 9: "You are instructed that if you find plaintiff had had intercourse with the defendant prior to June 15, 1949, and since that time had lived a chaste life then any intercourse on October 9, 1949, if you find that it happened, and that plaintiff had been chaste from June 15, 1949, to October 9, 1949, then you may find for the plaintiff, if you find defendant seduced her as defined elsewhere in these instructions." The defendant testified that he had not had intercourse with the plaintiff subsequent to the forepart of June, 1949. One criticism of the instruction is that it is ambiguous as to whether the court meant seduction prior to June 15th or on October 9th. We do not think the jury was misled on this point. The further criticism of the instruction is that it "made the plaintiff's chastity depend entirely upon the mere lack of intercourse between June 15th and October 9th, and did not require any proof of chastity on October 9th; and even though the plaintiff had repeatedly had intercourse with the defendant prior to June 15th, did not require any proof of any reformation whatever by the plaintiff. This instruction

was erroneous also upon the further ground that it amounted to a comment on the evidence by the Court and a finding of chastity of the plaintiff by the Court rather than the jury."

It is settled that a woman, having been seduced or of unchaste character, may reform and again be the subject of seduction. Kralick v. Shuttleworth, 49 Idaho 424, 289 P. 74. Instruction No. 9 should have been more explicit as to what constitutes reformation. However, it did not take that question from the jury. The words "then you may find for the plaintiff" is equivalent to saying, then you may find the plaintiff has reformed. When read with instruction No. 14,[1] it is plain that the jury was required to find as to chastity on October 9th, and as to any reformation involved in that issue.

Appellant complains of instruction No. 7, which is as follows: "You are instructed that while the burden is on the plaintiff on the question of chastity, the presumption of law is that plaintiff was chaste, prior to the alleged seduction, and, unless overcome by proof which the jury believe, plaintiff has discharged that burden."

Chastity is presumed until the contrary is shown. Plaintiff may rely upon that pre-

1. "You are instructed that, if you find from the evidence that the plaintiff had sexual intercourse with the defendant at the time and place alleged in the complaint, and that she was an unchaste person at that time, and that she had such intercourse because of her own unchastity and not because of any promise or inducement of the defendant, then plaintiff is not entitled to recover in this action, and your verdict should be for the defendant."

374

sumption so far as her prima facie case is concerned. The burden of proving unchastity, where it is set up as an affirmative defense, is on the defendant. Kralick v. Shuttleworth, supra; 57 C.J., Seduction, §§ 32, 75 and 129; 47 Am.Jur., Seduction, § 112. Appellant was not prejudiced by this instruction.

Instruction No. 8, which, as stated, sets forth the seductive acts relied upon by the plaintiff, except that it does not in terms require that she be found to be of previous chaste character, is assigned as error because of such omission. Instruction 14 (see footnote) supplies that omission.

Appellant also complains that certain of the instructions are conflicting and contradictory. It appears that the court gave certain instructions requested by the plaintiff and certain other instructions requested by the defendant without modifications which would harmonize the two points of view. However, we do not find these instructions so conflicting as to be irreconcilable. The instructions requested by the plaintiff are correct statements of the law insofar as they go and any ommissions are supplied in those that were requested by the defendant. In this situation we find no reversible error. Detroit Fire & Marine Ins. Co. v. Sargent, 42 Idaho 369, 246 P. 311; Draper v. City of Burley, 53 Idaho 530, 26 P.2d 128; Craig v. Village of Meridian, 56 Idaho 220, 52 P.2d 145; Pittman v. Sather, 68 Idaho 29, 188 P.2d 600; Pearson v. City of Weiser, 69 Idaho 253,

206 P.2d 264; Ryska v. Anderson, 70 Idaho 207, 214 P.2d 874; Bates v. Siebrand Bros. Circus & Carnival, 71 Idaho 318, 231 P. 2d 747; Howard v. Echols, 31 Ga.App. 420, 120 S.E. 815.

Judgment affirmed. Costs to respondent.

GIVENS, C. J., and PORTER, THOMAS, and KEETON, JJ., concur.